IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

**UNITED STATES OF AMERICA**,　　　　　　　　　　Criminal Case No. 10-475-KI

　　　　　　Plaintiff,

　　　　　　　　　　　　　　　　　　　　　　　　　OPINION AND ORDER

vs.

**MOHAMED OSMAN MOHAMUD**,

　　　　　　Defendant.

　　　Dwight C. Holton
　　　United States Attorney
　　　District of Oregon
　　　Ethan D. Knight
　　　Assistant United States Attorney
　　　1000 SW Third Avenue, Suite 600
　　　Portland, Oregon  97204-2902

　　　Jeffrey S. Sweet
　　　Assistant United States Attorney
　　　405 East 8th Avenue, Suite 2400
　　　Eugene, Oregon  97401-2708

　　　　　　Attorneys for Plaintiff

Page 1 - OPINION AND ORDER

      Stephen R. Sady
      Chief Deputy Federal Public Defender
      Steven T. Wax
      Federal Public Defender
      101 SW Main Street, Suite 1700
      Portland, Oregon  97204

           Attorneys for Defendant

KING, Judge:

Defendant Mohamed Osman Mohamud is charged with attempting to use a weapon of mass destruction, specifically a destructive device or explosive bomb, against a person or property within the United States, in violation of 18 U.S.C. § 2332a(a)(2)(A).  Concerned about statements on the merits of this case made by Attorney General Eric Holder, defendant asks the court to direct the government to cease and desist from making inappropriate pretrial comments.

## BACKGROUND

Defendant objects to two statements made by the Attorney General on November 29 and December 10, 2010.  The Attorney General made the first statement in response to questions following his prepared remarks in a press conference about intellectual property rights enforcement actions.

      FEMALE VOICE:  With respect to the alleged bombing situation in Portland, is this a serious matter?

      ATTORNEY GENERAL HOLDER:  I'm sorry.  Is it a?

      FEMALE VOICE:  A serious matter.  The bombing situation in Portland.

      ATTORNEY GENERAL HOLDER:  It's a very serious matter.  We were able to thwart somebody who clearly had the intention by his own words and by his actions to harm a great many people, to do real serious damage to property, to put at risk the lives of American citizens, including children.

>This was an individual who was given a number of opportunities to desist from his course of action, but who at every turn decided that he wanted to continue, and but for the interaction that he had with the FBI he might have come in contact with somebody who in fact would have made his plans tragically real.

Government's Resp. to Def.'s Mot. for Order Directing the Government to Cease and Desist from Inappropriate Pretrial Comment Ex. 1, at 19-20.

>MALE VOICE:  Attorney General, on the Portland arrest some critics say that this is another case of entrapment by the FBI in these matters.
>
>I'm just wondering if you can address that and also discuss why these sting operations are so important at this time.  This is I think the fifth or sixth case–sting–in the last year.
>
>ATTORNEY GENERAL HOLDER:  Yes.  This is an investigation that I have been familiar with through the course, throughout its course, and I am confident that there is no entrapment here.  No entrapment claim will be found to be successful.
>
>There were, as I said, a number of opportunities that the subject in this matter, the defendant in this matter, was given to retreat, to take a different path.  He chose at every step to continue.

Id. at 24-25.

Later in the day on November 29, defense counsel issued a Media Statement which reads, in part:

>One area we will certainly look at involves the agents' actions and entrapment.  Entrapment is a complex area of the law, limiting the steps government agents can take in orchestrating an offense, and the agents may have exceeded those limits.
>
>The issues this case raises regarding the proper balance between public safety and government-created crime are difficult and complex.  The presumption of innocence is an American value that should not be sacrificed to fear and sensationalism.  We urge the public to withhold judgment as this case goes through the judicial process and the facts are fully developed.

Def.'s Mot. for Order Directing the Government to Cease and Desist from Inappropriate Pretrial Comment Ex. D.

Page 3 - OPINION AND ORDER

On December 10, 2010, Attorney General Holder spoke at the Muslim Advocates' Annual Dinner in San Francisco. He spoke at length about civil rights enforcement and national security and stated in part:

> I make no apologies for the [sic] how the FBI agents handled their work in executing the operation that led to Mr. Mohamud's arrest. Their efforts helped to identify a person who repeatedly expressed his desire and intention to kill innocent Americans. As you may have read–and as the affidavit alleges–Mr. Mohamud chose the target location months in advance; provided FBI operatives with bomb components and detailed operational instructions; and repeatedly refused to change course when he was reminded that a large crowd–including children–would be in harm's way.
>
> Because of law enforcement's outstanding work, Mr. Mohamud is no longer plotting attacks. He is now behind bars. And he will be brought to justice. But you also have my word that the Justice Department will–just as vigorously–continue to pursue anyone who would target Muslims, or their houses of worship.
>
> Those who characterize the FBI's activities in this case as "entrapment" simply do not have their facts straight–or do not have a full understanding of the law.

Id. Ex. F, at 3, available at http://www.justice.gov/iso/opa/ag/speeches/2010/ag-speech-1012101.html (last visited Feb. 22, 2011).

The general press reported both of the Attorney General's comments.

The Department of Justice has Statements of Policy regarding such comments, as set forth in the Release of Information by Personnel of the Department of Justice Relating to Criminal and Civil Proceedings. Relevant portions of the Policy, also known as guidelines, are:

> (2) While the release of information for the purpose of influencing a trial is, of course, always improper, there are valid reasons for making available to the public information about the administration of the law. The task of striking a fair balance between the protection of individuals accused of crime or involved in civil proceedings with the Government and public understandings of the problems of controlling crime and administering government depends largely on the

> exercise of sound judgment by those responsible for administering the law and by representatives of the press and other media.

28 C.F.R. § 50.2(a)(2).

> (2) At no time shall personnel of the Department of Justice furnish any statement or information for the purpose of influencing the outcome of a defendant's trial, nor shall personnel of the Department furnish any statement or information, which could reasonably be expected to be disseminated by means of public communication, if such a statement or information may reasonably be expected to influence the outcome of a pending or future trial.

Id. § 50.2(b)(2).

> (3) Disclosures should include only incontrovertible, factual matters, and should not include subjective observations. In addition, where background information or information relating to the circumstances of an arrest or investigation would be highly prejudicial or where the release thereof would serve no law enforcement function, such information should not be made public.

Id. § 50.2(b)(3).

> (6) The release of certain types of information generally tends to create dangers of prejudice without serving a significant law enforcement function. Therefore, personnel of the Department should refrain from making available the following:
>
> (i) Observations about a defendant's character.
>
> (ii) Statements, admissions, confessions, or alibis attributable to a defendant, or the refusal or failure of the accused to make a statement.
>
> (iii) Reference to investigative procedures such as fingerprints, polygraph examinations, ballistic tests, or laboratory tests, or to the refusal by the defendant to submit to such tests or examinations.
>
> (iv) Statements concerning the identity, testimony, or credibility of prospective witnesses.
>
> (v) Statements concerning evidence or argument in the case, whether or not it is anticipated that such evidence or argument will be used at trial.
>
> (vi) Any opinion as to the accused's guilt, or the possibility of a plea of guilty to the offense charged, or the possibility of a plea to a lesser offense.

Page 5 - OPINION AND ORDER

Id. § 50.2(b)(6).

## DISCUSSION

Defendant is concerned that his ability to obtain a fair trial by unbiased jurors is compromised by the comments of the Attorney General. Defendant argues that those comments exceed the spirit and the letter of the government's policy about pretrial publicity. According to defendant, the court should prohibit additional comments by the Attorney General on the merits of the case for three reasons: (1) the case involves a high risk of pretrial prejudice and a polluted jury pool; (2) the statements suggest that government attorneys have special knowledge about actions taken by the government agents even though the attorneys were not present at the meetings with defendant, particularly the first encounter when the recording equipment failed; and (3) the statements do not account for the legal methodology adopted by the Supreme Court and the Ninth Circuit about entrapment.

Defendant claims the government fails to distinguish comments on law enforcement actions generally from comments on the merits of a specific pending criminal case. Moreover, defendant argues that by his comments the Attorney General suggests that a defense is unavailable, that defendant is guilty, and that anyone who disagrees does not know the facts or law. Because the defense considers prosecutorial statements prejudging the case to be inappropriate and harmful to the right to a fair trial, and because the media echoes those statements, defendant asks the court to proscribe any future violations of the Statements of Policy quoted above.

The government notes that defense counsel raised the issue of entrapment at defendant's first appearance as well as in the Media Statement they issued on November 29. The government

Page 6 - OPINION AND ORDER

argues that these defense statements emphasized the entrapment defense. The government characterizes the Attorney General's remarks as his response to concerns raised about undercover sting operations and claims of entrapment in this case as well as more generally. According to the government, as the country's chief law enforcement official, the Attorney General has the responsibility to address criticism of law enforcement actions. Thus, the government argues the Attorney General's comments were not inappropriate because they struck a proper balance between defendant's due process rights and the need to inform the public about law enforcement actions.

The Attorney General's comments on both occasions related to a high profile, pending criminal proceeding and thus are subject to the Policy Statement the Department of Justice adopted, as set forth in the Release of Information by Personnel of the Department of Justice Relating to Criminal and Civil Proceedings, which I quoted above. The Policy Statement "reflects and formalizes the standards to which representatives of the Department have adhered in the past. Nonetheless, it will be helpful in ensuring uniformity of practice to set forth the following guidelines for all personnel of the Department of Justice." 28 C.F.R. § 50.2(a)(3). I note that the prohibitions set forth in the guidelines are generally recognized as basic protection of the presumption of innocence and a defendant's right to a fair trial.

I recognize that the Attorney General's comments on November 29 were in response to questions from the media following his prepared remarks on another subject. Further, his comments on December 10 formed a small part of his speech at the Muslim Advocate's Annual Dinner in which he addressed the relationship between the Department of Justice and the Muslim and Arab-American communities. The setting and context of the statements on these two

occasions mitigate against any finding that the information was released for the purpose of influencing the trial. The Attorney General's comments on defendant's case were primarily general statements supporting defendant's arrest and the use of sting operations. I am concerned, however, about the statements regarding defendant's state of mind and specific activities. These comments tended towards a discussion of evidence and legal conclusions, rather than what the government alleged or general information regarding the challenges of controlling crime.

I do not believe that the Attorney General made the comments to influence the outcome of the trial. In this high profile case, however, there are statements which I conclude constitute a breach of the Policy. The objectionable statements include:[1]

– The November 29 statement that the government was able to thwart somebody who clearly had the intention to harm a great many people, followed by a discussion of defendant's state of mind.

– The November 29 statement that the Attorney General was familiar with the investigation and was confident that there was no entrapment.

– The December 10 statement that the FBI's efforts helped identify a person who repeatedly expressed his intention to kill innocent Americans.

These statements breach the guidelines' direction that "disclosures should include only incontrovertible, factual matters, and should not include subjective observations." Id. § 50.2(b)(3). Since the statements relate "to the circumstances of an arrest or investigation [that] would be highly prejudicial or where the release thereof would serve no law enforcement function," id., the Attorney General should not have made them. Further, the Attorney General's comments referenced "[s]tatements, admissions, confessions, or alibis attributable to a defendant" and gave an "opinion as to the accused's guilt." Id. § 50.2(b)(6).

---

[1] The statements are quoted in full above.

Page 8 - OPINION AND ORDER

It is clear from a reading of the Statement of Policy, that while it is acceptable for Department of Justice personnel to make statements regarding general law enforcement policies, it is inappropriate for them to give personal opinions regarding the supposed facts of the case or to make available a defendant's statements that could be construed as an indication of guilt.

The government contends that the provisions of the Policy are not binding. According to the government, the Attorney General's comments struck a proper balance between defendant's due process rights and the need to inform the public on law enforcement actions, and thus are consistent with the Policy. The government states, "Attorneys for the government will continue to adhere to the standards of professional responsibility when discussing the case and will continue to prosecute this case in this court, and not in the media." Government's Resp. to Def.'s Mot. for Order Directing the Government to Cease and Desist from Inappropriate Pretrial Comment 9.

Even if the Policy is not binding, I find that it falls within the standards of professional responsibility which the government intends to follow. I accept the representation of the United States Attorney's Office that the government will adhere to those standards, including the Statements of Policy, when prosecuting this case. I expect this level of conduct from all personnel of the Department of Justice, including the Attorney General. The lawyers handling this case for the government and the defense are experienced and professional trial attorneys, and I am confident that all parties will take into consideration their professional responsibilities to strike a fair balance between the protection of individuals accused of a crime and the appropriate administration of government. Given that there is an applicable standard which must be adhered

to, I do not believe the entry of a more specific order controlling future public comment is necessary at this time.

## CONCLUSION

Defendant's Motion for Order Directing the Government to Cease and Desist from Inappropriate Pretrial Comment (#14) is denied as explained in the above discussion concerning the Department of Justice's Statements of Policy set forth in the Release of Information by Personnel of the Department of Justice Relating to Criminal and Civil Proceedings, 28 C.F.R. § 50.2.

IT IS SO ORDERED.

Dated this _____23rd_____ day of February, 2011.

                                                  /s/ Garr M. King
                                                Garr M. King
                                                United States District Judge