**Stephen R. Sady**
**Chief Deputy Federal Public Defender**
steve_sady@fd.org
**Steven T. Wax**
**Federal Public Defender**
steve_wax@fd.org
**Ruben L. Iñiguez**
**Assistant Federal Public Defender**
ruben_iniguez@fd.org
**101 S.W. Main Street, Suite 1700**
**Portland, Oregon 97204**
**503-326-2123 Telephone**
**503-326-5524 Facsimile**

**Attorneys for Defendant**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 10-475-KI |
| Plaintiff, | MOTION FOR PARTIAL SEQUESTRATION OF WITNESSES AND PRESERVATION OF EVIDENCE |
| v. | |
| MOHAMED OSMAN MOHAMUD, | |
| Defendant. | |

The defendant, through his attorneys, respectfully moves this Court for an order prohibiting government witnesses involved in the July 30, 2010, incident, in which the government failed to

PAGE 1    MOTION FOR PARTIAL SEQUESTRATION OF WITNESSES

record the conversation, from discussing any aspect of that incident with each other, directly or indirectly, or reviewing any documents generated in connection with that meeting, and directing that all notes and other documentation of the incident be preserved.

This motion is filed in response to three aspects of the government's discovery response: the comparison of one witness's "recollection of the meeting" with the report of a different witness; the prospective generation of a new report; and the admission that notes of one agent have already been destroyed. Resp. at 23-24. From the outset of the case, the defense has attempted to preserve any possible remnant of any record of the critical first face-to-face meeting. In its response, the government indicates that a witness may have been exposed to the contents of a report by a different agent. Further, the government states that handwritten notes of one witness have been "destroyed" and that another witness has not yet made a report. The Court should take immediate action to prevent any further contamination of witnesses and to preserve evidence.

The need to prevent improper influence on testimony regarding this incident is readily apparent: when there is no recordation, the witness to an incident should provide the most full and complete account of an incident at the time closest to the occurrence; the witness should not be subjected to influence by either leading questions or by the memories of a different person; and resort to writings or notes of that person should only be made to refresh the recollection in the event there is a failure of memory. The notes should be available to assure that information valuable to the defense is not lost, especially where the transcripts of later conversations reveal pervasive and subtle psychological direction.

In contrast, in the present case, there is not only no recordation of the conversation, there was apparently no contemporaneous report made. The first report bears the date August 3, 2010, and

handwritten notes were destroyed by the unnamed source of the report. In addition to the single report, the criminal complaint filed in this case includes references apparently derived from the report. No other notes have been provided, and the response asserts that a witness has yet to make a report.

The government's failure to preserve critical evidence by recordation has profound consequences on Mr. Mohamud's right to receive a fair trial. The government's exposure of witnesses to the testimony of others would inject a further skewing influence into the situation. There is no question that this Court has "broad power to sequester witnesses before, during, and after trial testimony." *Geders v. United States*, 425 U.S. 80, 87 (1976); *see also United States v. Brewer*, 947 F.2d 404, 410 (9th Cir. 1991) (applying the Rule 615 right to sequester witnesses to pretrial hearings). The importance of preventing witness contamination has been appreciated throughout history and is recognized as a primary protection against influenced and inaccurate testimony. *Opus 3 Ltd. v. Heritage Park, Inc.*, 91 F.3d 625, 628 (4th Cir. 1996). The ultimate purpose of sequestration is to "make available the raw reactions and the individual recollection of each witness unaided by the stimulation of evidence of any other witness." *Dunlap v. Reading Co.*, 30 F.R.D. 129, 131 (E.D. Pa.1962); *see also* U.S. Dept. of Justice, *A Review of the FBI's Handling of the Brandon Mayfield Case*, March 2006, at 138-50 & n.111 (documenting how experts who erroneously believed that the FBI had a fingerprint match, due to "confirmation bias" or "context effect," confirmed and perpetuated the mistake).

To minimize harm from any contamination and destruction of evidence, this Court should order government witnesses to refrain from any exposure, directly or indirectly, to any account of the July 30th incident, and to preserve any writings related to that incident.

Dated this 11th day of April, 2011.

　　　　　　　　　　　　　　　　　　　　　　　　/s/ Stephen R. Sady
　　　　　　　　　　　　　　　　　　　　　　　　Stephen R. Sady
　　　　　　　　　　　　　　　　　　　　　　　　Chief Deputy Federal Public Defender

　　　　　　　　　　　　　　　　　　　　　　　　/s/ Steven T. Wax
　　　　　　　　　　　　　　　　　　　　　　　　Steven T. Wax
　　　　　　　　　　　　　　　　　　　　　　　　Federal Public Defender

　　　　　　　　　　　　　　　　　　　　　　　　/s/ Ruben Iñiquez
　　　　　　　　　　　　　　　　　　　　　　　　Ruben Iñiquez
　　　　　　　　　　　　　　　　　　　　　　　　Assistant Federal Public Defender