**Stephen R. Sady**
**Chief Deputy Federal Public Defender**
steve_sady@fd.org
**Steven T. Wax**
**Federal Public Defender**
steve_wax@fd.org
**Ruben L. Iñiguez**
**Assistant Federal Public Defender**
ruben_iniguez@fd.org
**101 S.W. Main Street, Suite 1700**
**Portland, Oregon 97204**
**503-326-2123 Telephone**
**503-326-5524 Facsimile**
**Attorneys for Defendant**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

# PORTLAND DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | No. CR 10-475-KI |
| Plaintiff, | **REPLY TO THE GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR PARTIAL SEQUESTRATION OF WITNESSES AND PRESERVATION OF EVIDENCE** |
| v. | |
| **MOHAMED OSMAN MOHAMUD,** | |
| Defendant. | |

## Introduction

The government opposes the order that bars comparison of witnesses' memories and further destruction of potential evidence. The motion established strong legal and practical grounds for the current order to protect fair trial rights. None of the four grounds asserted by the government justify abrogation of the Court's order of April 13, 2011.

**PAGE 1    REPLY TO THE GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR PARTIAL SEQUESTRATION OF WITNESSES AND PRESERVATION OF EVIDENCE**

### A. The Government's Actions Demonstrate The Need For The Protective Order.

The government claims no order is needed. The reason for the motion is that, in its discovery response, the government asserted that agents had compared recollections and one agent "destroyed his handwritten notes." The government now claims that it "has taken steps" to preserve notes and "as in any criminal case" the witnesses may not discuss the substance of their testimony. But that is not what has happened to date: The witnesses have compared recollections, and one agent has destroyed notes. The destruction of notes is aggravated because it occurred after the FBI knew there was no recording: at the latest, the failure to record was known on August 2, 2010; the agent purportedly destroyed the notes after the preparation of the report, which is dated August 3, 2010.

The government's response is significant for failing to even recognize that the destruction of notes of a witness's statement violates the Jencks Act and well-established Ninth Circuit law. In *United States v. Riley*, 189 F.3d 802, 803 (9th Cir. 1999), the intentional, albeit good faith, destruction of notes of an interview with a confidential informant warranted reversal of drug convictions because there was no adequate substitute for the statement, which was critical to the defendant's entrapment defense. In *Riley*, based on well-established precedent, the government conceded that it was wrong for the agent "to destroy the original notes he took of the conversation . . . Indeed, whether or not it was routine for [the agent] to do so, destroying the notes was 'manifestly unreasonable' and is 'no less a violation of the Jencks Act because it was pursued in good faith.'" *Riley*, 189 F.3d at 806 (citations omitted). The government's response does not recognize the seriousness of the destruction of evidence.

The government also does not recognize the harm. As here, the government in *Riley* argued that the defendant was not harmed. The Ninth Circuit did not agree: "[W]e cannot say the Jencks

error was harmless given the fact that the statement was intentionally destroyed, there was no substitute for it except for the recollections of the key witnesses themselves, [the informant] was the principle witness whose testimony was critical to Riley's entrapment defense, and the district court found prejudice." *Id*.

The precise words exchanged during the July 30th meeting are extremely important to the entrapment defense under the Supreme Court's standards articulated in *Jacobson v. United States*, 503 U.S. 540 (1992). The confusing and contradictory accounts of supposed "contemporary" reports – made after several days of delay and after the alleged debrief of the undercover agent – by an unknown number of unidentified witnesses who do not purport to have heard the entire conversation raise many issues for resolution in future motions as the trial date approaches. This motion simply seeks to draw a bright line to guide government witnesses during the pendency of the case.

The need for the order is especially acute given the government's apparent view that the theory of defense depends on government witnesses "lying." Resp. at 4 n.1. The government's intention to adduce recollections regarding an unrecorded conversation does not raise such a limited question. Different persons may well have different recollections, which will assist the jury in its ultimate assessments, regardless of the reason for any inconsistencies. The preservation of what remains of the integrity of the evidence should be by court order, not as an optional government aspiration.

> **B.    The Present Order Is Necessary To Preserve Effective Cross-Examination Rights.**

The cases cited by the government recognize that the Sixth Amendment right to confrontation is among the most fundamental prerequisites for a fair trial. *Crawford v. Washington*, 541 U.S. 36,

53-59 (2004) (adequate opportunity to cross-examine essential to the Confrontation Clause). Preservation of this right is precisely why the order is necessary in the present case. There has already been the taint of collusion, which led to the motion in the first place; there has already been destruction of notes. In order to preserve the ability to conduct meaningful cross-examination, the witnesses should not be permitted to further coordinate their testimony and to eliminate notes of conversations. And the need for the order is not necessarily predicated on knowingly false testimony: the recollections may simply differ in ways important to the defense.

> **C.    The Present Order Imposes No Inappropriate Limit On Government Trial Preparation.**

The order in this case is carefully limited to preservation of the status quo: witnesses cannot be exposed to each other's recollections, and evidence cannot be destroyed. The government's conclusory statement that the defense motion will compromise its ability to comply with discovery obligations is unsupported in fact or law. The government provides no explanation of why percipient witnesses must compare memories in order to comply with discovery obligations. Similarly, there is no reason given why the agents "who are processing the discovery would be unable to finish any reports related to the July 30th meeting." Resp. at 6. They would simply have to do so without consulting each other. Without a more developed rationale for what discovery hurdles would be present, the government's position is simply unsupported.

> **D.    This Court Has Clear Authority To Enter The Order.**

There is no question that this Court has both the inherent and statutory authority to enter its order. The "judge's power to control the progress and, within the limits of the adversary system, the shape of the trial includes broad power to sequester witnesses before, during, and after their

testimony." *Geders v. United States*, 425 U.S. 80, 87 (1976). Courts have applied Rule 615's mandatory exclusion to pretrial motions. *See, e.g.*, *United States v. Brewer*, 947 F.2d 404, 410 (9th Cir. 1991) (pretrial suppression hearing). Other forms of sequestration, necessitated by the particulars of a given case, are left to the sound discretion of a district court and are not mandated by Rule 615. *See United States v. Magana*, 127 F.3d 1, 5 (1st Cir. 1997). Most directly, Rule 16(d) of the Federal Rule of Criminal Procedure authorizes protective orders granting appropriate relief upon a showing of "good cause." Fed. R. Crim. P. 16(d). The destruction of notes and previous comparison of witnesses' memories – with the concomitant danger of shaping critical fact testimony – more than meet the good cause standard for the order entered in this case.

**Conclusion**

For the foregoing reasons and those stated in the motion for partial sequestration and other discovery pleadings, this Court should continue to order the partial sequestration of witnesses and preservation of evidence.

Dated this 16th day of May, 2011.

       */s/ Stephen R. Sady*
Stephen R. Sady
Chief Deputy Federal Public Defender

Steven T. Wax
Federal Public Defender

Ruben Iñiguez
Assistant Federal Public Defender