IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

**UNITED STATES OF AMERICA**,                           Criminal Case No. 10-475-KI

              Plaintiff,

                                             OPINION AND ORDER

    vs.

**MOHAMED OSMAN MOHAMUD**,

              Defendant.

    Dwight C. Holton
    United States Attorney
    District of Oregon
    Ethan D. Knight
    Assistant United States Attorney
    1000 SW Third Avenue, Suite 600
    Portland, Oregon  97204

    Jeffrey S. Sweet
    Assistant United States Attorney
    405 East 8th Avenue, Suite 2400
    Eugene, Oregon  97401

        Attorneys for Plaintiff

Stephen R. Sady
Chief Deputy Federal Public Defender
Steven T. Wax
Ruben L. Iniguez
Assistant Federal Public Defenders
101 SW Main Street, Suite 1700
Portland, Oregon  97204

       Attorneys for Defendant

KING, Judge:

Defendant's Motion for Partial Sequestration of Witnesses and Preservation of Evidence [30] is before the court.  Defendant asks for an order prohibiting government witnesses involved in the July 30, 2010 meeting with him from discussing any aspect of that incident with each other, directly or indirectly, or reviewing any documents generated in connection with that meeting, and directing that all notes and other documentation of the meeting be preserved.

## DISCUSSION

An undercover government agent met with defendant for the first time on July 30, 2010. Defendant considers this first face-to-face meeting with a government agent critical to his defense.  Although the government attempted to record this meeting, the equipment failed and no recording was made.  Other government agents overheard the meeting, and two drafted reports documenting what they heard.

Defendant is concerned that the government witnesses to the first meeting may be improperly influenced by other government witnesses, either through reading their reports or discussing the event with them.  Based on the government's response to a pending motion to compel, defendant concludes that the handwritten notes of one witness have been destroyed and

Page 2 - OPINION AND ORDER

another witness has not yet written a report.  Defendant asks me to take immediate action to prevent any further contamination of witnesses and to preserve evidence.

The government states that it has taken steps to preserve any remaining notes or other documentation of the July 30, 2010 meeting.  Although defendant argues that the government violated the Jencks Act when one agent destroyed his notes after completing a typewritten report, the Jencks Act only applies once a witness has testified at trial.  18 U.S.C. § 3500(a), (b) ("no statement . . . in the possession of the United States which was made by a Government witness . . . shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial"; "After a witness called by the United States has testified on direct examination, the court shall . . . order the United States to produce any statement . . . [on] the subject matter as to which the witness has testified.").  I will address any Jencks Act violations when and if they arise.

The government also assures the court that the government witnesses understand that they may not discuss the substance of their trial testimony prior to trial.  The government argues that defendant's concern about contamination of testimony or coached witnesses is best addressed by vigorous cross-examination at trial.  Moreover, the government contends that the order defendant requests would severely limit the government's further investigation and compliance with discovery obligations, which are ongoing.  Finally, the government claims that no legal precedent supports defendant's request to sequester witnesses during the pretrial phase of the case, which could be lengthy.

I am unaware of legal precedent directly on point which addresses this issue.  In Gerders v. United States, 425 U.S. 80, 82, 91, 96 S. Ct. 1330 (1976), the Court held that the trial court's

Page 3 - OPINION AND ORDER

order preventing a criminal defendant from speaking to his attorney "about anything" during a 17-hour overnight recess in the trial, which occurred between his direct and cross-examination, deprived the defendant of his Sixth Amendment right to counsel. Although the Court noted a judge's power to control the shape of the trial by sequestering witnesses "before, during, and after their testimony," the Court limited its holding: "We need not reach, and we do not deal with limitations imposed in other circumstances." Id. at 87, 91. Most importantly, the Court was focused on the fact that the trial court issued the order during the trial and not months before.

Even assuming that I have authority to grant defendant's request, I would only consider doing so in a very unusual situation. I do not see circumstances here which require me to interfere with the government's ability to prosecute this case. I take the government at its word when counsel assures me that the agents are preserving all remaining notes about the meeting, and witnesses will not discuss with each other the substance of their testimony before trial. The defense can rely on effective cross-examination to determine if any government witness has changed his testimony to conform to the testimony of another witness. United States v. Sayakhom, 186 F.3d 928, 945 (9th Cir. 1999) ("Cross-examination and argument are the primary tools for addressing improper witness coaching."). Discovery is an on-going and arduous task. The government needs its usual flexibility to be able to complete the task within a reasonable time frame.

For these reasons, I deny defendant's request to sequester government witnesses involved in the July 30, 2010 meeting.

**CONCLUSION**

Defendant's Motion for Partial Sequestration of Witnesses and Preservation of Evidence [30] is denied.  I also vacate my April 13, 2011 interim order [32] that "government witnesses to the July 30, 2010 meeting with defendant . . . refrain from discussing the meeting with each other, directly or indirectly, . . . refrain from reviewing any documents generated by another person concerning that meeting, and . . . preserve all notes and documentation of the meeting."

IT IS SO ORDERED.

Dated this ____18th_____ day of May, 2011.


____/s/ Garr M. King_____
Garr M. King
United States District Judge