S. AMANDA MARSHALL, OSB #95347
United States Attorney
District of Oregon
**ETHAN D. KNIGHT**, OSB #99298
**PAMALA R. HOLSINGER**, OSB #89263
Assistant United States Attorneys
ethan.knight@usdoj.gov
pamala.holsinger@usdoj.gov
1000 SW Third, Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Facsimile: (503) 727-1117
**JEFFREY S. SWEET**, OSB #99418
Assistant United States Attorney
jeff.sweet@usdoj.gov
405 East 8th Avenue, Suite 2400
Eugene, OR 97401
Telephone: (541) 465-6771
Facsimile: (541) 465-6531
Attorneys for United States of America

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

### PORTLAND DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | Case No. 10-CR-00475-KI |
| v. | |
| **MOHAMED OSMAN MOHAMUD,** | **GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO SUPPRESS THE PRODUCTS OF NON-FISA INTERROGATIONS, SEARCHES, AND SEIZURES** |
| Defendant. | |

The United States of America, by S. Amanda Marshall, United States Attorney for the

District of Oregon, and through Ethan D. Knight and Pamala R. Holsinger, Assistant United

States Attorneys, hereby responds to defendant Mohamed Osman Mohamud's Motion to Suppress the Products of Non-FISA Interrogations, Searches, and Seizures (ECF No. 56) and the Memorandum in Support thereof (ECF No. 57).

## I.    Introduction

Defendant has challenged the government's authority to use evidence seized in connection with the November 2009 rape investigation of defendant in defendant's pending criminal case. Defendant argues that the government "cannot establish that the interrogations, searches, and seizures were within the scope of any valid consent[.]" (Def.'s Mem. 2.) The government does not intend to introduce the results of the November 2009 consent searches of defendant's computer or cellular phone, or any statements made by defendant in the interviews conducted with him on November 1, 2009 and November 2, 2009, against him in the pending criminal case. As such, defendant's motion to suppress the evidence is moot.

Defendant also argues that this Court should "order the suppression of all the fruits of the constitutional violations." (Def.'s Mem. 2.) There are no "fruits" of the alleged constitutional violations: by November 2009 a national security investigation of defendant was underway and investigators learned nothing in the course of the rape investigation that assisted the subsequent investigation which ultimately led to defendant's arrest on November 26, 2010.

## II.    Factual Background

The parties agree as to most of the facts that led up to the November 2009 search of defendant's computer and phone. On November 1, 2009, the campus station of the Oregon State Police in Corvallis, Oregon received a report that defendant had sexually assaulted another student. Investigators also received information that defendant may have drugged the

**Government's Response to Defendant's Motion to Suppress the Products of            Page 2
Non-FISA Interrogations, Searches, and Seizures**

complainant before having sex with her. On the evening of November 1, 2009, investigators met with defendant about the incident and took his statement. Defendant denied the allegations and told investigators that he had consensual sex with the complainant.

The next day, defendant came to the Oregon State Police office, was given his *Miranda* rights, and submitted to a polygraph examination about the rape allegations. During the examination, defendant was asked a number of questions, including specific questions about his background. Federal investigators were present during this examination. During the interview, defendant offered to allow investigators to search his computer for evidence that he had researched date rape drugs. Defendant subsequently gave investigators written permission to search his computer and his phone. An electronic copy of the computer image was turned over to defendant in discovery. As defendant notes, he was completely exonerated in the rape investigation.

Defendant repeatedly alludes to the "parallel involvement of the federal government" in the rape investigation, and claims that federal agents "used the state officers to mask the separate and undisclosed federal investigation." (Def.'s Mem. 2–3.) In many respects, this characterization of the evidence is completely accurate: the federal government was already examining the conduct of defendant in connection with a national security investigation on November 1, 2009. This fact has been disclosed to defendant through discovery the government has provided. This conduct is legal and perfectly appropriate, and defendant cites no authority to suggest the contrary. Law enforcement organizations typically coordinate with one another in connection with multiple investigations of the same subject.

/ / /

**Government's Response to Defendant's Motion to Suppress the Products of        Page 3
Non-FISA Interrogations, Searches, and Seizures**

In November 2009, the Oregon State Police investigated the rape allegations against defendant. At that time, the FBI had already begun conducting its own national security investigation of defendant. The two organizations were in contact with one another during the rape investigation, and, obviously, investigators did not want defendant to know that he was also the subject of a separate national security investigation. In fact, and most important to this Court's analysis, the rape investigation was wholly unanticipated by federal authorities and had no impact on the investigation that led to defendant's arrest on November 26, 2010.

### III.     The November 2009 Consent Search of Defendant's Computer and Cellular Phone

The government does not intend to introduce any of the results of the November 2009 consent search of defendant's cellular phone or computer against him at trial. The government also does not intend to introduce any statements defendant made during the November 2009 interviews of defendant in its case in chief. Notwithstanding these facts, defendant argues that this search was somehow integral to the government's emerging investigation of defendant. Specifically, defendant contends that "the government exploited the violation of Mr. Mohamud's constitutional rights by using the information as part of the formulation of a sting operation against Mr. Mohamud." (Def.'s Mem. 15.) Defendant, therefore, asks the Court to suppress all the fruits of these alleged constitutional violations. Defendant's arguments are wholly without merit.

This characterization of the evidence is inaccurate and there is no basis to suppress any of the evidence in defendant's case. The limited information investigators learned about defendant during the rape investigation had no impact on the subsequent criminal investigation of defendant. There were no "fruits" obtained from the rape investigation, and therefore the

principles of the exclusionary rule do not apply to the evidence to be used against defendant in this case. *See Murray v. United States*, 487 U.S. 533, 537 (1988), (exclusionary rule does not apply if the government has an independent, untainted source, or if the evidence would have been inevitably discovered); *Wong Sun v. United States*, 371 U.S. 471, 488 (1963), (exclusionary rule does not apply in circumstances where law enforcement officials do not exploit the constitutional violation). In fact, as previously noted, as of November 1, 2009, the government had ample evidence to support a national security investigation, much of which has been declassified and provided to defendant in discovery.

Defendant makes the sweeping assertion that the personal information investigators learned from defendant during the rape investigation had a role in the government's decision to contact defendant through "Bill Smith," an individual working on behalf of the government. There is no evidence to suggest these two events are related.[1]  Again, by November 2009 a national security investigation of defendant was underway and investigators learned nothing in the course of the rape investigation that assisted the subsequent investigation or precipitated the contact of defendant through Smith.

/ / /

/ / /

/ / /

/ / /

---

[1] Defendant describes the Bill Smith emails as communications that "encourag[ed] [defendant] to do violence in the United States." (Def.'s Mem. 5.) The government disputes this characterization of the contact between Smith and defendant as inaccurate and incomplete, however it will address this issue in a more appropriate forum.

**Government's Response to Defendant's Motion to Suppress the Products of**     **Page 5**
**Non-FISA Interrogations, Searches, and Seizures**

## IV.	Conclusion

For the aforementioned reasons, the government asks the Court to deny defendant's motion to suppress evidence based on the November 2009 search of his computer and cellular telephone as moot and to deny defendant's general request to suppress "all the fruits of the constitutional violations."

Dated this 21st day of February 2012.

                Respectfully submitted,

                S. AMANDA MARSHALL
                United States Attorney


                *s/ Ethan D. Knight*
                ETHAN D. KNIGHT, OSB #99298
                PAMALA R. HOLSINGER, OSB #89263
                JEFFREY S. SWEET, OSB #99418
                Assistant United States Attorneys
                (503) 727-1000