**Stephen R. Sady**
**Chief Deputy Federal Public Defender**
steve_sady@fd.org
**Steven T. Wax**
**Federal Public Defender**
steve_wax@fd.org
**Ellen C. Pitcher**
**Assistant Federal Public Defender**
ellen_pitcher@fd.org
101 S.W. Main Street, Suite 1700
Portland, Oregon 97204
503-326-2123 Telephone
503-326-5524 Facsimile

**Attorneys for Defendant**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

**PORTLAND DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | Case No. 3:10-cr-00475-KI-1 |
| Plaintiff, | **SUPPLEMENT TO MOTION TO SUPPRESS THE PRODUCTS OF NON-FISA INTERROGATIONS, SEARCHES, AND SEIZURES** |
| v. | |
| **MOHAMED OSMAN MOHAMUD,** | |
| Defendant. | |

This brief supplements the previous submissions to address the manner in which the Court determines the scope of the taint from the government's primary illegality where interrogations, seizures, and searches were conducted in violation of the Fourth and Fifth Amendments. The defense requests that security-cleared counsel be permitted to participate fully in the evidentiary

**PAGE 1    SUPPLEMENT TO MOTION TO SUPPRESS THE PRODUCTS OF NON-FISA INTERROGATIONS, SEARCHES, AND SEIZURES**

hearing, regardless of whether the proceedings are closed to the public due to the use of classified materials. Further, the actual agents involved, rather than the prosecutor, should provide sworn testimony on the relevant questions.

At the outset of the original motion, the defense asserted that "in the chronology and causation necessary to Fourth and Fifth Amendment analyses, this motion is inextricably intertwined with the separately filed FISA motions." CR 57 at 2. There is simply no precedent for excluding counsel from a hearing regarding the remedy for constitutional violations. The fact that the question of remedy for unconstitutional searches and seizures requires inquiry into FISA-generated activity cannot be permitted to curtail the defense's efforts to vindicate Mr. Mohamud's rights in an adversarial setting. Just last week, the Supreme Court provided a directly relevant reminder of the importance of counsel at "every" stage of criminal cases:

> Indeed, the right to counsel is the foundation for our adversary system. Defense counsel tests the prosecution's case to ensure that the proceedings serve the function of adjudicating guilt or innocence, while protecting the rights of the person charged. *See, e.g.*, *Powell v. Alabama*, 287 U.S. 45, 68-69, 53 S.Ct. 55, 77 L.Ed. 158 (1932) ("[The defendant] requires the guiding hand of counsel at every step in the proceedings against him. Without it, though he be not guilty, he faces the danger of conviction because he does not know how to establish his innocence").

*Martinez v. Ryan*, No. 10-1001, 2012 WL 912950, at *8 (U.S., Mar. 20, 2012).

Both the Classified Information Protection Act and the Foreign Intelligence Surveillance Act have express statutory provisions assuring that the procedures comply with minimal constitutional requirements. Especially in the context of an established primary illegality, the statutes must be construed to require counsel's presence in order for them to be constitutional. *See Clark v. Martinez*, 543 U.S. 371, 380-81 (2005) (applying the doctrine of constitutional avoidance to require statutes to be construed in the manner that does not implicate serious constitutional issues).

**PAGE 2    SUPPLEMENT TO MOTION TO SUPPRESS THE PRODUCTS OF NON-FISA INTERROGATIONS, SEARCHES, AND SEIZURES**

Now that the government does not contend that it acted lawfully during the interrogation, seizures, and searches, the Court should read this motion in tandem with the authority set out in the FISA motion to require defense counsel's full participation. The operation of the exclusionary rule and the independent source doctrine applies in this case in a unique context. The case involves intelligence agents using mosaic theory to set up a target about whom they have obtained microscopically detailed information through his computer and his own words. Even in a more mundane context, the fruit of the poisonous tree rule requires nuanced application. For example, the Ninth Circuit recently affirmed the suppression of evidence seized from an abandoned vehicle based on *Wong Sun v. United States*, 371 U.S. 471, 488 (1963), stating:

> These initial actions by the officers tainted any succeeding actions by Biddle, whether or not those succeeding actions constituted abandonment. *United States v. Gilman*, 684 F.2d 616, 620 (9th Cir.1982). Moreover, these initial searches also tainted the towing of the car and subsequent search of the trunk under a community caretaking function rationale.

*United States v. Biddle*, No. 10-10379, 2012 WL 271320, at *1 (9th Cir. Jan. 31, 2012) (unpublished).[1] The *Wong Sun* rule's application requires full and fair litigation within the adversary system.

The Court should also require the relevant agents to testify under oath and to be subjected to cross-examination regarding the relevant issues. Even where the stakes are much lower, and where the charged individual is no longer presumptively innocent, an adversarial hearing with a right to question adverse witnesses is the hallmark of due process. *Gagnon v. Scarpelli*, 411 U.S. 778, 786 (1973) (probation and parole due process includes the opportunity to be heard, to present

---

[1] As an unpublished opinion, the case is only cited for its persuasive value pursuant to Ninth Circuit Rule 36-3.

evidence, and to cross-examine adverse witnesses) (quoting *Morrissey v. Brewer*, 408 U.S. 471, 488-89 (1972)). The defense has consistently requested that the Court require the government to obtain direct assurances from the relevant agents regarding discovery issues. CR 27 at 8; CR 42 at 10-11. Where those same agents have engaged in unconstitutional searches, seizures, and interrogations, the need for direct testimony under oath is magnified.

The Court has before it a difficult task: "a remedy must 'neutralize the taint' of a constitutional violation." *Lafler v. Cooper*, No. 10-209, 2012 WL 932019, at *10 (U.S., Mar. 21, 2012) (quoting *United States v. Morrison*, 449 U.S. 361, 364 (1981)). The right to counsel and the right to a fair trial require full participation of counsel in fashioning the remedy for the serious constitutional violations that immediately preceded the government's contacts with its target. The principles at stake here are more fully articulated in the defense briefing regarding FISA discovery, especially the reply to the government's amended unclassified response.

Dated this 26th day of March, 2012.

      /s/ Stephen R. Sady
Stephen R. Sady
Chief Deputy Federal Public Defender

      /s/ Steven T. Wax
Steven T. Wax
Federal Public Defender

      /s/ Ellen C. Pitcher
Ellen C. Pitcher
Assistant Federal Public Defender