**Stephen R. Sady**
**Chief Deputy Federal Public Defender**
steve_sady@fd.org
**Steven T. Wax**
**Federal Public Defender**
steve_wax@fd.org
**Ellen C. Pitcher**
**Assistant Federal Public Defender**
ellen_pitcher@fd.org
101 S.W. Main Street, Suite 1700
Portland, Oregon 97204
503-326-2123 Telephone
503-326-5524 Facsimile

**Attorneys for Defendant**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 3:10-cr-00475-KI-1 |
| Plaintiff, | OBJECTION TO PROPOSED UNCLASSIFIED ORDERS |
| v. | |
| MOHAMED OSMAN MOHAMUD, | |
| Defendant. | |

The defendant, Mohamed Mohamud, through his attorneys, respectfully objects to the government's proposed orders (CR 183, 184, and 185) on the grounds that, as previously stated by

**PAGE 1   OBJECTION TO PROPOSED UNCLASSIFIED ORDERS**

the defense, the Court should draft these orders in the first instance (CR 143 at 8-11) and for the further reasons that the proposed orders are fundamentally flawed in at least six ways.

First, the proposed orders fail to require that the government identify which discovery is correlated to which order. In order to effectively argue regarding the adequacy of the summaries under cases such as *United States v. Moussaoui*, 382 F.3d 453 (4th Cir. 2004), the defense must know which items of discovery are the subject of which production orders. Further, the dates of the production orders are important, especially in light of concerns expressed in the pending CIPA motion regarding the untimeliness of *Brady* production. CR 160 at 2-3. Each order requiring production should identify unequivocally what document is referred to by either the discovery Bates number or some other easily identifiable designation.

Second, the defense should play a role in determining the adequacy of any discovery summaries produced as substitute discovery. As in *Moussaoui*, security cleared defense counsel should be involved in having access to additional documentation underlying the summaries and reviewing the adequacy of the summaries in order to be in a position to advise the Court of any further information that is necessary. The importance of defense involvement is reflected in the sealed second supplement regarding the unclassified summaries of exculpatory material that the defense is submitting to the Court contemporaneously with this filing.

Third, the proposed orders are not adequately correlated with the classified filings acknowledged to date. The clerk's record reflects the following filings on the listed dates:

- First CIPA filing on April 18, 2011 (CR 35);
- Second CIPA filing on January 11, 2012 (CR 65);
- Third CIPA filing on February 21, 2012 (CR 76);

**PAGE 2    OBJECTION TO PROPOSED UNCLASSIFIED ORDERS**

- Fourth CIPA filing on February 28, 2012 (CR 81);

- Fifth CIPA filing on March 16, 2012 (CR 92);

- Sixth CIPA filing on May 11, 2012 (CR 128);

- Seventh CIPA filing on July 6, 2012 (CR 155);

- Eighth CIPA filing on August 23, 2012 (CR 176).

By referring to the "Third CIPA Motion" on the date of the fifth classified filing (March 16, 2012), and the "Fourth CIPA Motion" on the date of the eighth classified filing (August 23, 2012), the third proposed order only confuses the record. Further, the third proposed order includes multiple filings, while the first and second reference sequential filings on the same underlying material. The orders should be easily related to the classified filings.

Fourth, the government includes in its proposed order the statement that "the government has conducted a thorough review of the classified information . . . ." CR 183 at 2 ¶5. Although the government may have made such representations to the Court, there has been no adversary proceeding or other basis on which the Court can make such a finding of fact. Further, as demonstrated in previous failures of the government to recognize its *Brady* obligations, the Court should not be making a finding that such a review of discovery obligations has occurred.

Fifth, it is inappropriate for the Court to make a finding regarding whether the government "has fully complied with any discovery obligations" in the absence of an adversarial proceeding or complete review of all investigative files by the Court. Any findings should be limited to the items produced and in the context of the limited information available at the time of the Court's ruling.

Sixth, at least for the proceedings prior to this Court's ruling on the dispute regarding the *Brady* standard, the government's reference to the *Brady* standard is affirmatively incorrect. As the

Court is aware, the government had asserted a "materiality" component to its *Brady* obligations that the Court rejected on April 17, 2012. Therefore, the Court cannot certify to a thorough review under *Brady* unless the government has reexamined all the material under the correct *Brady* standard, as requested by the defense in its reply (CR 160 at 3).

For the foregoing reasons, the Court should decline to sign the proposed CIPA orders and formulate such orders on its own, with maximum involvement of defense counsel in determining the scope of production and the content of any summaries.

Dated this 20th day of September, 2012.

    */s/ Stephen R. Sady*
Stephen R. Sady
Chief Deputy Federal Public Defender

    */s/ Steven T. Wax*
Steven T. Wax
Federal Public Defender

    */s/ Ellen C. Pitcher*
Ellen C. Pitcher
Assistant Federal Public Defender