UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

**UNITED STATES OF AMERICA**,

Plaintiff,

v.

**MOHAMED OSMAN MOHAMUD**,

Defendant.

Criminal Case No. 3:10-CR-000475-KI

OPINION AND ORDER

    Amanda Marshall
    United States Attorney
    District of Oregon
    Ethan D. Knight
    Pamala Holsinger
    Jolie F, Zimmerman
    Assistant United States Attorneys
    1000 S.W. Third Avenue, Suite 600
    Portland, Oregon  97204

        Attorneys for Plaintiff

Page 1 - OPINION AND ORDER

>Steven T. Wax
>Federal Public Defender
>Stephen R. Sady
>Assistant Federal Pubic Defender
>101 SW Main Street, Suite 1700
>Portland, Oregon  97204
>
>>Attorneys for Defendant

KING, Judge:

Defendant Mohamed Osman Mohamud is charged with attempting to use a weapon of mass destruction, specifically a destructive device or explosive bomb, against a person or property within the United States, in violation of 18 U.S.C. § 2332a(a)(2)(A).

As part of a national security investigation, FBI Special Agent ("SA") Jason Dodd tasked a government informant known as "Bill Smith" to establish email contact with the person using the email address truthbespoken@gmail.com.  This person turned out to be Mohamud.  The email correspondence took place between November 2009 and April 2010.  The government has produced: (1) all emails between Bill Smith and Mohamud; (2) internal FBI reports documenting the email contacts between the two individuals; (3) a letter explaining SA Dodd tasked Bill Smith with contacting Mohamud; and (4) information on payments the government made to Bill Smith for this case.  Mohamud also seeks the true identity of Bill Smith.

## DISCUSSION

In an Opinion and Order filed on July 23, 2012, ECF No. 167, I concluded the informant privilege could apply to protect Bill Smith's true identity.  I also concluded the record at the time was inadequate for me to decide whether to require disclosure of Bill Smith's true identity.  Accordingly,

I held an in camera hearing on September 24, 2012 to supplement the record. Bill Smith attended the hearing and answered all questions under oath. The transcript of the hearing is sealed.

Over defense objections, I allowed the prosecutors to attend the hearing and question Bill Smith to make a record on the adverse effect of revealing his identity. I then questioned Bill Smith using questions supplied by defense counsel. The defense's questions would have revealed evidence relevant to Mohamud's entrapment defense, specifically concerning government inducement and Mohamud's lack of predisposition.

As explained in the Opinion, the government has a limited privilege to withhold the identity of a confidential informant. United States v. Henderson, 241 F.3d 638, 645 (9th Cir. 2000). The court must balance the defendant's right to prepare a defense against the public interest in protecting the flow of information to preserve law enforcement objectives. To obtain the informant's identity, the defendant must demonstrate the identity is relevant and helpful to the defense or is essential to a fair trial. A "mere suspicion" the information will prove helpful is insufficient to require disclosure of an informant's identity. Id. The court examines three factors to balance the interests of society with the interests of the individual under the Confrontation Clause: (1) the degree of the informant's involvement in the criminal activity; (2) how helpful the informant's testimony would be to the defendant; and (3) the government's interest in nondisclosure. United States v. Gil, 58 F.3d 1414, 1421 (9th Cir. 1995).

I will discuss one aspect of Bill Smith's testimony. As the government had previously represented, all of Bill Smith's contacts with Mohamud were through the emails produced in discovery. Bill Smith never met Mohamud and had no other type of contact through telephone calls, text messages, regular mail, or other method. Thus, it is undisputed Bill Smith broke off contact

Page 3 - OPINION AND ORDER

with Mohamud in April 2010 and had no part in the scheme to explode a bomb at the tree lighting ceremony. There is no evidence to the contrary.

Since all of Bill Smith's contacts are through email, and the government produced all the emails to the defense, I do not see how Bill Smith's identity or testimony at trial would be helpful to Mohamud, including regarding his entrapment defense. I agree with the defense argument that Bill Smith's contacts should be considered along with contacts by the undercover employees who met Mohamud in person. Contacts by all these actors are government contacts and not discrete events to be considered separately. But Bill Smith's contacts are in writing. Mohamud can argue any meaning to the jury, including the beginning of an entrapment scheme, which he thinks the emails support. There is no issue of whether a face-to-face meeting is being remembered correctly by another participant. No matter who directed Bill Smith when he prepared the emails, or what strategy was involved, or whether Bill Smith followed orders or deviated from them, the emails were sent as produced to the defense. Whatever effect the emails had on Mohamud, the words in them are not in dispute.

Lastly, without going into any detail, the government established a solid and compelling interest in not disclosing Bill Smith's true identity. If an appeal becomes necessary, the Ninth Circuit can review the sealed transcript.

After balancing the three factors, I conclude the balance supports withholding Bill Smith's true identity. His identity is neither relevant nor helpful to the defense and is not essential to a fair trial. The emails speak for themselves.

I also wish to clarify whether I expect the government to provide any additional discovery concerning Bill Smith. Defense counsel quoted from the transcript of a previous court proceeding to

Page 4 - OPINION AND ORDER

argue I had ordered the government to produce more information. I accept the government's representation that it has produced the materials I listed at the beginning of this Opinion and that no other material of that nature exists. I do not expect the government to produce any additional discovery concerning Bill Smith.

## CONCLUSION

I deny Mohamud's request for disclosure of the true identity of Bill Smith.

IT IS SO ORDERED.

Dated this _____26th_____ day of September, 2012.

           /s/ Garr M. King
    Garr M. King
    United States District Judge