S. AMANDA MARSHALL, OSB #95347
United States Attorney
District of Oregon
**ETHAN D. KNIGHT**, OSB #99298
**PAMALA R. HOLSINGER**, OSB #89263
Assistant United States Attorneys
ethan.knight@usdoj.gov
pamala.holsinger@usdoj.gov
1000 SW Third, Suite 600
Portland, OR 97204-2902
Telephone:  (503) 727-1000
Facsimile:  (503) 727-1117
Attorneys for United States of America

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **Case No. 3:10-CR-00475-KI** |
| **v.** | **GOVERNMENT'S REQUESTED JURY INSTRUCTIONS** |
| **MOHAMED OSMAN MOHAMUD,** | |
| **Defendant.** | |

The United States of America, by S. Amanda Marshall, United States Attorney for the

District of Oregon, and through Ethan D. Knight and Pamala R. Holsinger, Assistant United

States Attorneys, hereby submits the following instructions for the Court's charge to the jury in

/ / /

/ / /

/ / /

the above entitled case.[1]  Leave is requested to file additional instructions as they may become

appropriate during the course of the trial.

Dated this 23rd day of October 2012.

Respectfully submitted,

S. AMANDA MARSHALL
United States Attorney


*s/ Ethan D. Knight*
ETHAN D. KNIGHT, OSB #99298
PAMALA R. HOLSINGER, OSB #89263
Assistant United States Attorneys
(503) 727-1000

---

[1] All Model Jury Instructions cited herein are current as of July 2010.

**Government's Requested Jury Instructions**                              **Page 2**

Government's Requested
Instruction No. 1

Instruction Number _____

## DUTY OF JURY

Jurors:  You now are the jury in this case, and I want to take a few minutes to tell you

something about your duties as jurors and to give you some preliminary instructions.  At the end

of the trial I will give you more detailed written instructions that will control your deliberations.

When you deliberate, it will be your duty to weigh and to evaluate all the evidence received in

the case and, in that process, to decide the facts.  To the facts as you find them, you will apply

the law as I give it to you, whether you agree with the law or not.  You must decide the case

solely on the evidence and the law before you and must not be influenced by any personal likes

or dislikes, opinions, prejudices, or sympathy.  Please do not take anything I may say or do

during the trial as indicating what I think of the evidence or what your verdict should be—that is

entirely up to you.

_____

Model Jury Instructions for the Ninth Circuit, § 1.1 (2010).

**Government's Requested Jury Instructions**                                              **Page 3**

Government's Requested
Instruction No. 2                                    Instruction Number _____

## THE CHARGE—PRESUMPTION OF INNOCENCE

This is a criminal case brought by the United States government.  The government charges the defendant with Attempt to Use a Weapon of Mass Destruction.  The charge against the defendant is contained in the indictment.  The indictment simply describes the charge the government brings against the defendant.  The indictment is not evidence and does not prove anything.

The defendant has pleaded not guilty to the charge and is presumed innocent unless and until the government proves the defendant guilty beyond a reasonable doubt.  In addition, the defendant has the right to remain silent and never has to prove innocence or to present any evidence.

_____

Model Jury Instructions for the Ninth Circuit, § 1.2 (2010).

**Government's Requested Jury Instructions**                                    **Page 4**

Government's Requested
Instruction No. 3

Instruction Number _____

## WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

(1)     the sworn testimony of any witness;

(2)     the exhibits which are received in evidence; and

(3)     any facts to which the parties agree.

_____

Model Jury Instructions for the Ninth Circuit, § 1.3 (2010).

**Government's Requested Jury Instructions**                                    **Page 5**

Government's Requested
Instruction No. 4

Instruction Number _____

## WHAT IS NOT EVIDENCE

The following things are *not* evidence, and you must not consider them as evidence in

deciding the facts of this case:

      (1)      statements and arguments of the attorneys;

      (2)      questions and objections of the attorneys;

      (3)      testimony that I instruct you to disregard; and

      (4)      anything you may see or hear when the court is not in session even if what you

               see or hear is done or said by one of the parties or by one of the witnesses.

_____

Model Jury Instructions for the Ninth Circuit, § 1.4 (2010).

**Government's Requested Jury Instructions**                                    **Page 6**

Government's Requested
Instruction No. 5                                        Instruction Number _____

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find another fact.

You are to consider both direct and circumstantial evidence.  Either can be used to prove any fact.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

_____

Model Jury Instructions for the Ninth Circuit, § 1.5 (2010).

**Government's Requested Jury Instructions**                              **Page 7**

Government's Requested
Instruction No. 6                                          Instruction Number _____

## CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)    the witness's opportunity and ability to see or hear or know the things testified to;

(2)    the witness's memory;

(3)    the witness's manner while testifying;

(4)    the witness's interest in the outcome of the case, if any;

(5)    the witness's bias or prejudice, if any;

(6)    whether other evidence contradicted the witness's testimony;

(7)    the reasonableness of the witness's testimony in light of all the evidence; and

(8)    any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

_____

Model Jury Instructions for the Ninth Circuit, § 1.7 (2010).

**Government's Requested Jury Instructions**                          **Page 8**

Government's Requested
Instruction No. 7                                    Instruction Number _____

## CONDUCT OF THE JURY

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

> Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or other feature. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

> Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these

**Government's Requested Jury Instructions**                    **Page 9**

Government's Requested
Instruction No. 7                                Instruction Number _____

restrictions jeopardizes the fairness of these proceedings[, and a mistrial could result that would

require the entire trial process to start over].  If any juror is exposed to any outside information,

please notify the court immediately.

_____

Model Jury Instructions for the Ninth Circuit, § 1.8 (2010).

**Government's Requested Jury Instructions**                            **Page 10**

Government's Requested
Instruction No. 8

Instruction Number _____

## NO TRANSCRIPT AVAILABLE TO JURY

At the end of the trial you will have to make your decision based on what you recall of the evidence.  You will not have a written transcript of the trial.  I urge you to pay close attention to the testimony as it is given.

_____

Model Jury Instructions for the Ninth Circuit, § 1.9 (2010).

**Government's Requested Jury Instructions**                                    **Page 11**

Government's Requested
Instruction No. 9

Instruction Number _____

## TAKING NOTES

If you wish, you may take notes to help you remember the evidence.  If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case.  Do not let note-taking distract you from being attentive.  When you leave court for recesses, your notes should be left in the jury room.  No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

_____

Model Jury Instructions for the Ninth Circuit, § 1.10 (2010).

**Government's Requested Jury Instructions**                                    **Page 12**

Government's Requested
Instruction No. 10                                    Instruction Number _____

## OUTLINE OF TRIAL

The next phase of the trial will now begin.  First, each side may make an opening statement.  An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

The government will then present evidence and counsel for the defendant may cross-examine.  Then, if the defendant chooses to offer evidence, counsel for the government may cross-examine.

After the evidence has been presented, [I will instruct you on the law that applies to the case and the attorneys will make closing arguments] [the attorneys will make closing arguments and I will instruct you on the law that applies to the case].

After that, you will go to the jury room to deliberate on your verdict.

_____

Model Jury Instructions for the Ninth Circuit, § 1.11 (2010).

**Government's Requested Jury Instructions**                                    **Page 13**

Government's Requested
Instruction No. 11                                    Instruction Number _____

## CAUTIONARY INSTRUCTION—FIRST RECESS

We are about to take our first break.  Remember, until the trial is over, do not discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else, and do not allow others to discuss the case with you.  This includes discussing the case in Internet chat rooms or through Internet blogs, Internet bulletin boards, emails or text messaging.  If anyone tries to communicate with you about the case, please let me know about it immediately.  Do not read, watch, or listen to any news reports or other accounts about the trial or anyone associated with it, including any online information.  Do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials, and do not make any investigation about the case on your own.  Finally, keep an open mind until all the evidence has been presented and you have heard the arguments of counsel, my instructions on the law, and the views of your fellow jurors.

If you need to speak with me about anything, simply give a signed note to the clerk to give to me.

---

Model Jury Instructions for the Ninth Circuit, § 2.1 (2010).

**Government's Requested Jury Instructions**                          **Page 14**

Government's Requested
Instruction No. 12

Instruction Number _____

## BENCH CONFERENCES AND RECESSES

From time to time during the trial, it may become necessary for me to take up legal matters with the attorneys privately, either by having a conference at the bench or, when necessary, by calling a recess.

We will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference

_____

Model Jury Instructions for the Ninth Circuit, § 2.2 (2010).

**Government's Requested Jury Instructions**                    **Page 15**

Government's Requested
Instruction No. 13

Instruction Number _____

## STIPULATIONS OF FACT

The parties have agreed to certain facts that have been stated to you.  You should

therefore treat these facts as having been proved.

_____

Model Jury Instructions for the Ninth Circuit, § 2.4 (2010).

**Government's Requested Jury Instructions**                    **Page 16**

Government's Requested
Instruction No. 14

Instruction Number _____

## TRANSCRIPT OF RECORDING IN ENGLISH

You are about to [hear] [watch] a recording that has been received in evidence. A transcript of the recording is being provided to help you identify speakers and to help you decide what the speakers say. Remember that the recording is the evidence, not the transcript. If you hear something different from what appears in the transcript, what you heard is controlling. Listen carefully; the transcript will not be available during your deliberations.

_____

Model Jury Instructions for the Ninth Circuit, § 2.7 (2010).

**Government's Requested Jury Instructions**                    **Page 17**

Government's Requested
Instruction No. 15                                    Instruction Number _____

## TRANSCRIPT OF RECORDING IN FOREIGN LANGUAGE

You are about to [hear] [watch] a recording that contains some Arabic language. A transcript of the recording will be simultaneously displayed with the recording and/or video that will contain an English-language translation.

Although some of you may know the Arabic language, it is important that all jurors consider the same evidence. Therefore, you must accept the English translation contained in the transcript even if you would translate it differently.

_____

Model Jury Instructions for the Ninth Circuit, § 2.8 (2010) (modified).

**Government's Requested Jury Instructions**                              **Page 18**

Government's Requested
Instruction No. 16
                                                          Instruction Number _____

### DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW

Members of the jury, now that you have heard all the evidence, it is my duty to instruct

you on the law that applies to this case.  A copy of these instructions will be available in the jury

room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that

process, to decide the facts.  It is also your duty to apply the law as I give it to you to the facts as

you find them, whether you agree with the law or not.  You must decide the case solely on the

evidence and the law and must not be influenced by any personal likes or dislikes, opinions,

prejudices, or sympathy.  You will recall that you took an oath promising to do so at the

beginning of the case.

You must follow all these instructions and not single out some and ignore others; they are

all important.  Please do not read into these instructions or into anything I may have said or done

any suggestion as to what verdict you should return—that is a matter entirely up to you.

_____

Model Jury Instructions for the Ninth Circuit, § 3.1 (2010).

**Government's Requested Jury Instructions**                                    **Page 19**

Government's Requested
Instruction No. 17

Instruction Number _____

## DEFENDANT'S DECISION NOT TO TESTIFY

A defendant in a criminal case has a constitutional right not to testify.  You may not draw

any inference of any kind from the fact that the defendant did not testify.


*** *Requested only if defendant does not testify at trial*  ***

_____

Model Jury Instructions for the Ninth Circuit, § 3.3 (2010).


**Government's Requested Jury Instructions**                                    **Page 20**

Government's Requested
Instruction No. 18

Instruction Number _____

## DEFENDANT'S DECISION TO TESTIFY

The defendant has testified.  You should treat this testimony just as you would the

testimony of any other witness.

*** *Requested only if defendant testifies at trial* ***

_____

Model Jury Instructions for the Ninth Circuit, § 3.4 (2010).

**Government's Requested Jury Instructions**                              **Page 21**

Government's Requested
Instruction No. 19

Instruction Number _____

## REASONABLE DOUBT—DEFINED

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty.  It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation.  It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty.  On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

_____

Model Jury Instructions for the Ninth Circuit, § 3.5 (2010).

**Government's Requested Jury Instructions**                                    **Page 22**

Government's Requested
Instruction No. 20

Instruction Number _____

## WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

(1)     the sworn testimony of any witness;

(2)     the exhibits received in evidence; and

(3)     any facts to which the parties have agreed.

_____

Model Jury Instructions for the Ninth Circuit, § 3.6 (2010).

**Government's Requested Jury Instructions**                    **Page 23**

Government's Requested
Instruction No. 21

Instruction Number _____

## WHAT IS NOT EVIDENCE

In reaching your verdict you may consider only the testimony and exhibits received in evidence. The following things are not evidence and you may not consider them in deciding what the facts are:

1.      Questions, statements, objections, and arguments by the lawyers are not evidence. The lawyers are not witnesses. Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence. Similarly, what the lawyers have said in their opening statements, [will say in their] closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2.      Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence. [In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.]

3.      Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

_____

Model Jury Instructions for the Ninth Circuit, § 3.7 (2010).

**Government's Requested Jury Instructions**                                    **Page 24**

Government's Requested
Instruction No. 22

Instruction Number _____

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

You are to consider both direct and circumstantial evidence.  Either can be used to prove any fact.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

_____

Model Jury Instructions for the Ninth Circuit, § 3.8 (2010).

**Government's Requested Jury Instructions**                    **Page 25**

Government's Requested
Instruction No. 23                                          Instruction Number _____

## CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)     the witness's opportunity and ability to see or hear or know the things testified to;

(2)     the witness's memory;

(3)     the witness's manner while testifying;

(4)     the witness's interest in the outcome of the case, if any;

(5)     the witness's bias or prejudice, if any;

(6)     whether other evidence contradicted the witness's testimony;

(7)     the reasonableness of the witness's testimony in light of all the evidence; and

(8)     any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

_____

Model Jury Instructions for the Ninth Circuit, § 3.9 (2010).

**Government's Requested Jury Instructions**                                    **Page 26**

Government's Requested
Instruction No. 24

Instruction Number _____

## STATEMENTS BY DEFENDANT

You have heard testimony that the defendant made a statement.  It is for you to decide

(1) whether the defendant made the statement, and (2) if so, how much weight to give to it.  In

making those decisions, you should consider all the evidence about the statement, including the

circumstances under which the defendant may have made it.

_____

Model Jury Instructions for the Ninth Circuit, § 4.1 (2010).

**Government's Requested Jury Instructions**                                    **Page 27**

Government's Requested
Instruction No. 25

Instruction Number _____

## IMPEACHMENT EVIDENCE—WITNESS

You have heard evidence that [*name of witness*], a witness, [*specify basis for*

*impeachment*]. You may consider this evidence in deciding whether or not to believe this witness

and how much weight to give to the testimony of this witness.

_____

Model Jury Instructions for the Ninth Circuit, § 4.8 (2010).

**Government's Requested Jury Instructions**                    **Page 28**

Government's Requested
Instruction No. 26                                    Instruction Number _____

### GOVERNMENT'S USE OF UNDERCOVER AGENTS AND INFORMANTS

You have heard testimony from [an undercover agent] [an informant] who was involved

in the government's investigation in this case.  Law enforcement officials may engage in stealth

and deception, such as the use of informants and undercover agents, in order to investigate

criminal activities.  Undercover agents and informants may use false names and appearances and

assume the roles of members in criminal organizations.

_____

Model Jury Instructions for the Ninth Circuit, § 4.10 (2010).

**Government's Requested Jury Instructions**                              **Page 29**

Government's Requested
Instruction No. 27                                        Instruction Number _____

## OPINION EVIDENCE, EXPERT WITNESS

You have heard testimony from persons who, because of education or experience, were permitted to state opinions and the reasons for their opinions.

Such opinion testimony should be judged like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

_____

Model Jury Instructions for the Ninth Circuit, § 4.14 (2010).

**Government's Requested Jury Instructions**                              **Page 30**

Government's Requested
Instruction No. 28

Instruction Number _____

## SUMMARIES NOT RECEIVED IN EVIDENCE

During the trial, certain charts and summaries were shown to you in order to help explain the evidence in the case.  These charts and summaries were not admitted in evidence and will not go into the jury room with you. They are not themselves evidence or proof of any facts.  If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

_____

Model Jury Instructions for the Ninth Circuit, § 4.15 (2010).

**Government's Requested Jury Instructions**                                              **Page 31**

Government's Requested
Instruction No. 29

Instruction Number _____

## CHARTS AND SUMMARIES IN EVIDENCE

Certain charts and summaries have been admitted in evidence.  Charts and summaries are

only as good as the underlying supporting material.  You should, therefore, give them only such

weight as you think the underlying material deserves.

_____

Model Jury Instructions for the Ninth Circuit, § 4.16 (2010).

**Government's Requested Jury Instructions**                                    **Page 32**

Government's Requested
Instruction No. 30                                    Instruction Number _____

## ATTEMPTED USE OF A WEAPON OF MASS DESTRUCTION

The indictment alleges that on or about November 26, 2010, in the District of Oregon,

Mohamed Osman Mohamud, defendant, without lawful authority, knowingly attempted to use a

weapon of mass destruction, specifically a destructive device or explosive bomb, against a

person or property within the United States, and the mail or a facility of interstate or foreign

commerce was used in furtherance of the offense; all in violation of Title 18, United States Code,

Section 2332a(a)(2)(A).

Section 2332a(a) makes it a crime for anyone to use, threaten, or attempt to use a weapon

of mass destruction against any person or property within the United States.

For you to find the defendant guilty of this crime, you must be convinced that the

government has proved each of the following elements beyond a reasonable doubt:

First, the defendant knowingly attempted to use a weapon of mass destruction; and

Second, the defendant knowingly attempted to use a weapon of mass destruction and

knowingly did so against a person or property within the United States, and the mail or any

facility of interstate or foreign commerce was used in furtherance of the offense.

The term "weapon of mass destruction" includes a destructive device, which is:

(A) any explosive, incendiary, or poison-gas:

(1) bomb;

(2) grenade;

(3) rocket having a propellant charge of more than four ounces;

**Government's Requested Jury Instructions**                              **Page 33**

Government's Requested
Instruction No. 30                                        Instruction Number _____

(4) missile having an explosive or incendiary charge of more than one-quarter ounce;

(5) mine; or

(6) similar device, or any type of weapon which will, or may be readily converted to,
expel a projectile by the action of an explosive or other propellant, and which has any barrel with
a bore of more than one-half inch in diameter; and any combination of parts intended for use in
converting any device into any destructive device and from which a destructive device may be
readily assembled.

The term 'facility of interstate or foreign commerce" includes a means of transportation
and communication from one state into another state or from the United States into another
country.

_____

18:921(a)(4) (destructive device);
18:10 and 18:1958(b)(2) (facility of interstate commerce or foreign commerce)

**Government's Requested Jury Instructions**                                **Page 34**

Government's Requested
Instruction No. 31

Instruction Number _____

## ATTEMPT

The defendant is charged in the indictment with Attempt to Use a Weapon of Mass Destruction.  In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant intended to use a weapon of mass destruction and knowingly did so against a person or property within the United States, and the mail or any facility of interstate or foreign commerce was used in furtherance of the offense; and

Second, the defendant did something that was a substantial step toward committing the crime.

Mere preparation is not a substantial step toward committing the crime.  To constitute a substantial step, a defendant's act or actions must demonstrate that the crime will take place unless interrupted by independent circumstances.

_____

Model Jury Instructions for the Ninth Circuit, § 5.3 (2010).

**Government's Requested Jury Instructions**                                           **Page 33**

Government's Requested
Instruction No. 32                                          Instruction Number _____

## KNOWINGLY—DEFINED

An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident.  The government is not required to prove that the defendant knew that his acts or omissions were unlawful.  You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

_____

Model Jury Instructions for the Ninth Circuit, § 5.6 (2010).

**Government's Requested Jury Instructions**                              **Page 34**

Government's Requested
Instruction No. 33                                        Instruction Number _____

## 6.2  ENTRAPMENT

The defendant contends that he was entrapped by a government agent.  The government has the burden of proving beyond a reasonable doubt that the defendant was not entrapped.  The government must prove either:

1.    the defendant was predisposed to commit the crime before being contacted by government agents, or

2.    the defendant was not induced by the government agents to commit the crime.

When a person, independent of and before government contact, is predisposed to commit the crime, it is not entrapment if government agents merely provide an opportunity to commit the crime.  In determining whether the defendant was predisposed to commit the crime before being approached by government agents, you may consider the following:

1.    whether the defendant demonstrated reluctance to commit the offense;

2.    the defendant's character and reputation;

3.    whether government agents initially suggested the criminal activity;

4.    whether the defendant engaged in the criminal activity for profit; and

5.    the nature of the government's inducement or persuasion.

A defendant is predisposed to commit the crime charged if you find evidence near enough in kind to support an inference that his purpose included offenses of the sort charged.[2]

---

[2]  This sentence has been added pursuant to *United States v. Brand*, 467 F.3d 179, 200 (2d Cir. 2006).

**Government's Requested Jury Instructions**                          **Page 35**

Government's Requested
Instruction No. 33                                                    Instruction Number _____

In determining whether the defendant was induced by government agents to commit the offense, you may consider any government conduct creating a substantial risk that an otherwise innocent person would commit an offense, including persuasion, fraudulent representations, threats, coercive tactics, harassment, promises of reward, or pleas based on need, sympathy or friendship.

_____

Model Jury Instructions for the Ninth Circuit, § 6.2 (2010) (modified).

**Government's Requested Jury Instructions**                          **Page 36**

Government's Requested
Instruction No. 34

Instruction Number _____

## DUTY TO DELIBERATE

When you begin your deliberations, elect one member of the jury as your foreperson who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

_____

Model Jury Instructions for the Ninth Circuit, § 7.1 (2010).

**Government's Requested Jury Instructions**                                    **Page 37**

Government's Requested
Instruction No. 35                                    Instruction Number _____

## CONSIDERATION OF EVIDENCE—CONDUCT OF THE JURY

Because you must base your verdict only on the evidence received in the case and on

these instructions, I remind you that you must not be exposed to any other information about the

case or to the issues it involves.  Except for discussing the case with your fellow jurors during

your deliberations:

> Do not communicate with anyone in any way and do not let anyone else communicate
> with you in any way about the merits of the case or anything to do with it.  This includes
> discussing the case in person, in writing, by phone or electronic means, via email, text
> messaging, or any Internet chat room, blog, website or other feature.  This applies to
> communicating with your family members, your employer, the media or press, and the
> people involved in the trial.  If you are asked or approached in any way about your jury
> service or anything about this case, you must respond that you have been ordered not to
> discuss the matter and to report the contact to the court.

> Do not read, watch, or listen to any news or media accounts or commentary about the
> case or anything to do with it; do not do any research, such as consulting dictionaries,
> searching the Internet or using other reference materials; and do not make any
> investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same

evidence that each party has had an opportunity to address.  A juror who violates these

restrictions jeopardizes the fairness of these proceedings[, and a mistrial could result that would

require the entire trial process to start over].  If any juror is exposed to any outside information,

please notify the court immediately.

_____

Model Jury Instructions for the Ninth Circuit, § 7.2 (2010).

**Government's Requested Jury Instructions**                                    **Page 38**

Government's Requested
Instruction No. 36

Instruction Number _____

## USE OF NOTES

Some of you have taken notes during the trial.  Whether or not you took notes, you

should rely on your own memory of what was said.  Notes are only to assist your memory.  You

should not be overly influenced by your notes or those of your fellow jurors.

_____

Model Jury Instructions for the Ninth Circuit, § 7.3 (2010).

**Government's Requested Jury Instructions**                                     **Page 39**

Government's Requested
Instruction No. 37

Instruction Number _____

## JURY CONSIDERATION OF PUNISHMENT

The punishment provided by law for this crime is for the court to decide.  You may not

consider punishment in deciding whether the government has proved its case against the

defendant beyond a reasonable doubt.

_____

Model Jury Instructions for the Ninth Circuit, § 7.4 (2010).

**Government's Requested Jury Instructions**                                                **Page 40**

Government's Requested
Instruction No. 38

Instruction Number _____

## VERDICT FORM

A verdict form has been prepared for you. [*Explain verdict form as needed.*]  After you

have reached unanimous agreement on a verdict, your foreperson should complete the verdict

form according to your deliberations, sign and date it, and advise the clerk that you are ready to

return to the courtroom.

_____

Model Jury Instructions for the Ninth Circuit, § 7.5 (2010).

**Government's Requested Jury Instructions**                                    **Page 41**

Government's Requested
Instruction No. 39

Instruction Number _____

## COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by any one or more of you.  No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court.  If you send out a question, I will consult with the lawyers before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.

_____

Model Jury Instructions for the Ninth Circuit, § 7.6 (2010).

**Government's Requested Jury Instructions**                                    **Page 42**