UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 3:10-CR-00475-KI |
| v. | |
| MOHAMED OSMAN MOHAMUD, | |
| Defendant. | |

[PROPOSED] UNCLASSIFIED ORDER APPROVING DELETION OF THE NAMES OF THE UNDERCOVER EMPLOYEES FROM DISCOVERY PURSUANT TO CIPA SECTION 4 AND FEDERAL RULE OF CRIMINAL PROCEDURE 16(d)(1)

This matter has come before the Court on the Government's Fifth Classified *In Camera, Ex Parte* Memorandum of Law and Motion for an Order Pursuant to Section 4 of the Classified Information Procedures Act and Rule 16(d)(1) of the Federal Rules of Criminal Procedure, filed November 5, 2012 (Fifth CIPA Motion). Having reviewed the government's Fifth CIPA Motion and the attached declaration, the relevant law, and being fully advised in the premises, the Court concludes that good cause exists for granting the motion of the United States. After *ex parte, in camera* inspection and consideration of the government's motion and attachment, the Court concludes that:

1.   Defendant is charged in an indictment with a single count of Attempted Use of a Weapon of Mass Destruction, in violation of 18 U.S.C. § 2332a.

2. On November 5, 2012, the United States of America, by and through its attorneys of record, moved, *ex parte*, *in camera* and under seal, pursuant to Section 4 of the Classified Information Procedures Act (CIPA), 18 U.S.C. app. 3, and Fed. R. Crim. P. 16(d)(1) for authorization to "delete" from discovery the true identities of the two Federal Bureau of Investigation undercover Employees (UCE1 and UCE2). (Fifth CIPA Motion.) The government sought to delete this information from discovery as it is not both relevant and helpful to the defense, and because its unauthorized disclosure at this time has the potential to cause serious damage to national security.

3. Through the declaration the government submitted with the Fifth CIPA Motion, the government has properly invoked its classified information and national security privilege with respect to the true identities of UCE1 and UCE2. *See United States v. Klimavicius-Viloria*, 144 F.3d 1249, 1260 (9th Cir. 1998).

4. The government's Motion was properly filed *ex parte*, *in camera*, for this Court's review, pursuant to CIPA § 4 and Fed. R. Crim. P. 16(d)(1). The Court has conducted an *ex parte*, *in camera*, review of the government's classified motion, memorandum of law, and classified declaration of a United States government official.

5. The disclosure of the true identities of UCE1 and UCE2 at this time would cause serious damage to the national security.

6. The "relevant and helpful" standard articulated in *United States v. Roviaro*, 353 U.S. 53 (1975), and *United States v. Yunis*, 867 F.2d 617 (D.C. Cir. 1989), is the appropriate standard by which to analyze the discoverability of classified information where, as here, the

[Proposed] Unclassified Order Approving Deletion of the Names of the
Undercover Employees from Discovery Pursuant to CIPA Section 4 and
Federal Rule of Criminal Procedure 16(d)(1)                               Page 2

government has properly invoked the national security and classified information privilege. To this end, the Court finds that in applying the *Roviaro/Yunis* standard, the classified information referenced in the government's motion is relevant and helpful to the defense. This order applies to each of the government's discovery obligations under Federal Rule of Criminal Procedure 16, and *Brady v. Maryland*, *Giglio v. United States*, and their progeny.

7. Because the true identities of UCE1 and UCE2 are both relevant and helpful to the defense, the Court must balance the government's national security interest against the defense interest in access to the material. The Court concludes that the government's national security interest in protecting the classified information, disclosure of which at this time may reasonably be expected to cause serious damage to the national security of the United States, outweighs any defense interest in obtaining the information. *United States v. Sarkissian*, 841 F.2d 959, 965 (9th Cir. 1988).

Accordingly, pursuant to Section 4 of the Classified Information Procedures Act, 18 U.S.C. app. 3, and Fed. R. Crim. P. 16(d)(1), IT IS HEREBY ORDERED that:

1. The Fifth CIPA Motion of the United States is hereby GRANTED.

2. The true identities of UCE1 and UCE2 shall be deleted from discovery and shall not be disclosed to defendant, his counsel, or the public.

/ / /

/ / /

/ / /

/ / /

[Proposed] Unclassified Order Approving Deletion of the Names of the
Undercover Employees from Discovery Pursuant to CIPA Section 4 and
Federal Rule of Criminal Procedure 16(d)(1)     Page 3

3. The Fifth CIPA Motion and attachment is hereby SEALED and shall be retained in accordance with established security procedures until further order of this Court.

Dated this 27th day of November 2012.

_____
GARR M. KING
U.S. District Court Judge

Presented by:

S. AMANDA MARSHALL, OSB #95347
United States Attorney
District of Oregon

*s/ Ethan D. Knight*
ETHAN D. KNIGHT, OSB #99298
PAMALA R. HOLSINGER, OSB #89263
Assistant United States Attorneys
(503) 727-1000

JOLIE F. ZIMMERMAN, DCB #465110
Trial Attorney
Counterterrorism Section
National Security Division
United States Department of Justice