Stephen R. Sady
Chief Deputy Federal Public Defender
steve_sady@fd.org
Steven T. Wax
Federal Public Defender
steve_wax@fd.org
101 S.W. Main Street, Suite 1700
Portland, Oregon 97204
503-326-2123 Telephone
503-326-5524 Facsimile

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 3:10-cr-00475-KI-1 |
| Plaintiff, | MOTION TO PRECLUDE TESTIMONY OF OPERATIVES OR, IN THE ALTERNATIVE, TO DISMISS THE INDICTMENT BASED ON THE UNCLASSIFIED ORDER APPROVING DELETION OF THE NAMES OF THE UNDERCOVER EMPLOYEES FROM DISCOVERY |
| v. | |
| MOHAMED OSMAN MOHAMUD, | |
| Defendant. | |

The defendant, Mohamed Osman Mohamud, through his attorneys, respectfully moves this Court for an order precluding the testimony of the undercover employees from the trial of this case or, in the alternative, dismissing the indictment, on the grounds that, having found the true identities of the undercover operatives known as UCE-1 and UCE-2 are "both relevant and helpful to the

**PAGE 1    MOTION TO PRECLUDE TESTIMONY OF OPERATIVES OR, IN THE ALTERNATIVE, TO DISMISS THE INDICTMENT BASED ON THE UNCLASSIFIED ORDER APPROVING DELETION OF THE NAMES OF THE UNDERCOVER EMPLOYEES FROM DISCOVERY**

defense," the Court should, in light of the order barring disclosure of the operative's identities, either preclude their testimony at trial or order the indictment dismissed.

In the government's Fifth Classified *In Camera, Ex Parte* Memorandum of Law and Motion, the government provided secret information to the Court upon which the unclassified order is based. The defense preserves but does not seek to relitigate the questions regarding disclosure of the identities that have previously been argued in a number of filings. Rather, based on the government's finding of "relevant and helpful to the defense," the Court must consider the option of precluding of testimony of the two Federal Bureau of Investigation undercover employees from the trial of this case or dismissing the indictment.

The defense has previously provided the Court with the authority for the proposition that, where discovery is relevant and helpful to the defense, the government must choose between assertion of its state secret privilege or dismissing the indictment. *Jencks v. United States*, 353 U.S. 657, 672 (1957); *Roviaro v. United States*, 353 U.S. 53, 60-61 (1957); *United States v. Reynolds*, 345 U.S. 1, 12 (1953). The Court has rejected that defense position, ruling that the national security interest can be weighed against the defense interest in obtaining the information. CR 315 at 3 (citing *United States v. Sarkissian*, 841 F.2d 959, 965 (9th Cir. 1988)). Aside from dismissing the case, the Court has an intermediate option: preclusion of testimony by the witnesses.

In conducting the balance of the government's national security interests and the defense interests, the equities strongly favor the defense:

- The government and the Court are well aware that Mr. Mohamud poses no threat whatsoever to the undercover operatives;

**PAGE 2**     MOTION TO PRECLUDE TESTIMONY OF OPERATIVES OR, IN THE ALTERNATIVE, TO DISMISS THE INDICTMENT BASED ON THE UNCLASSIFIED ORDER APPROVING DELETION OF THE NAMES OF THE UNDERCOVER EMPLOYEES FROM DISCOVERY

- The only government interest asserted apparently relates to the undercover operatives' participation in other unrelated investigations;

- The Court has previously reversed its position on disclosure of the undercover operative named "Bill Smith" on the grounds that the emails, like the recordings, speak for themselves (CR 195 at 4);

- The Court has previously found, in ordering inspection, that the unrecorded July 30th meeting – the first face-to-face encounter – is a critical event in the trial of this case;

- The only unrecorded contacts were apparently monitored by at least one other law enforcement person whose identity is known;

- As reflected in the *ex parte* filing, the defense team is foregoing normal areas of investigation and has handled the disclosures regarding this type of information in a manner that fully protects the government's interests.

Although the defense believes that the failure to disclose information should result in dismissal under the trilogy of Supreme Court cases previously relied upon, the Court should at least enter an order barring the testimony of the undisclosed undercover operatives. By effectively foreclosing investigation based on the individual's names, the ability to cross-examine becomes meaningless. *Smith v. Illinois*, 390 U.S. 129, 131 (1968) ("The witness' name and address open countless avenues of in-court examination and out-of-court investigation. To forbid this most rudimentary inquiry at the threshold is effectively to emasculate the right of cross-examination itself."). The Supreme Court has emphasized the importance of real confrontation as an essential component to a fair trial. *Crawford v. Washington*, 541 U.S. 36, 72-73 (2004) (the right to confrontation is a "bedrock procedural guarantee" that dates as a concept to Roman times); *Davis v. Alaska*, 415 U.S. 308, 315-20 (1974) (the right to cross-examine trumps privilege). Especially given the government request for a protective order allowing testimony with disguises and phony names, both the reality and appearance of fairness are destroyed in this case by the order that – in any

normal criminal case – would not be issued. *See Coy v. Iowa*, 487 U.S. 1012, 1016-22 (1988) (use of a screen to protect child witness violated the confrontation clause).

This Court has broad authority to grant "other appropriate relief" in dealing with discovery disputes. Fed. R. Crim. Pro. 16(d). In this case, the options should not include the destruction of the appearance and reality of fairness. Because the tape recordings speak for themselves and do not require testimony from the operatives to narrate the events, and because the government has declined to reveal information needed to cross-examine the operatives, testimony from the operatives should be precluded. The Court should put the government to a choice: provide normal discovery or forego the witnesses' testimony.

For the foregoing reasons, the Court should enter an order based on the government's fifth classified submissions giving the government the choice of either providing the evidence that is "both relevant and helpful to the defense," or foregoing the testimony of the undercover operatives. In the alternative, the Court should dismiss the indictment.

Dated this 27th day of November, 2012.

 */s/ Stephen R. Sady*
Stephen R. Sady
Chief Deputy Federal Public Defender

 */s/ Steven T. Wax*
Steven T. Wax
Federal Public Defender