**Stephen R. Sady**
**Chief Deputy Federal Public Defender**
steve_sady@fd.org
**Steven T. Wax**
**Federal Public Defender**
steve_wax@fd.org
**Lisa Hay**
**Assistant Federal Public Defender**
lisa_hay@fd.org
**101 S.W. Main Street, Suite 1700**
**Portland, Oregon 97204**
**503-326-2123 Telephone**
**503-326-5524 Facsimile**
**Attorneys for Defendant**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | Case No. 3:10-cr-00475-KI-1 |
| Plaintiff, | DEFENDANT'S THIRD MOTION IN LIMINE |
| v. | |
| **MOHAMED OSMAN MOHAMUD,** | |
| Defendant. | |

The defendant, Mohamed Mohamud, through his attorneys, respectfully moves this Court to preclude the government from introducing "course of the investigation" testimony at trial. The testimony is irrelevant and likely to result in the introduction of inadmissible evidence, including hearsay, in violation of the defendant's Due Process right to a fair trial and his Sixth Amendment right to confront the witnesses against him.

**BACKGROUND**

The government indicated during today's pretrial conference that they anticipate calling a witness to testify to the background facts of the investigation, including, for example testimony why certain emails received by the defendant "were of concern" to the witness. This testimony should not be permitted.

**LEGAL ARGUMENT**

Generally, testimony about the course or history of an investigation is not relevant and risks introducing hearsay into a trial. As a leading evidence treatise describes in the section on hearsay, this form of testimony poses special problems:

> One area where abuse may be a particular problem involves statements by arresting or investigating officers regarding the reason for their presence at the scene of a crime. The officers should not be put in the misleading position of appearing to have happened upon the scene and therefore should be entitled to provide some explanation for their presence and conduct. They should not, however, be allowed to relate historical aspects of the case, such as complaints and reports of others containing inadmissible hearsay. Such statements are sometimes erroneously admitted under the argument that the officers are entitled to give the information upon which they acted. The need for this evidence is slight, and the likelihood of misuse great. Instead, a statement that an officer acted "upon information received," or words to that effect, should be sufficient.

McCormick on Evidence § 249 (6th ed. 2009).

A number of the Circuits have found reversible error where district courts have improperly allowed law enforcement personnel to testify or present other evidence about the course of an investigation, either under the guise of general "background," or because the testimony or evidence served to place inadmissible hearsay before the jury. The Third Circuit, for example, reversed a conviction where the district court had erroneously allowed a police
Page 2    DEFENDANT'S THIRD MOTION IN LIMINE

officer to testify regarding the contents of a 911 call that ultimately led to the officer's pursuit and arrest of the defendant. *See United States v. Sallins*, 993 F.2d 344 (3d Cir. 1993). In that case, the court found that admission of the testimony was unnecessary to show "background"–the officer's own observations, or a simple statement that the "officers were responding to a radio call" would have sufficed. *Id.* at 346. Moreover, inclusion of the contents of the 911 call constituted hearsay and was not admissible under an exception such as the public records exception. *Id.* at 34-48. Similarly, testimony about the contents of emails would be hearsay in this case.

Along related lines, the Seventh Circuit has also reversed a conviction where the defendant was the "subject of an extensive undercover operation" and a DEA agent was allowed to testify about conversations, observations, and actions of others that supposedly illustrated the "course of . . . investigations." *United States v. Silva*, 380 F.3d 1018, 1019-20 (7th Cir. 2004) (Easterbrook, J.). Judge Easterbrook explained that allowing such hearsay testimony "would eviscerate the constitutional right to confront and cross-examine one's accusers." *Id.* at 1020. *See also United States v. Novak*, 918 F.2d 107, 109 (10th Cir. 1990) (reversing conviction where district court improperly allowed prosecutor to refer to tipster's accusation of defendant in explaining why investigation was commenced and noting that "the prosecutor should have been well aware of the hearsay problems with this testimony given the government's resistance to [defense] efforts to require the government to disclose the name of the informant").

Caselaw in this Circuit, too, recognizes the potential for harm in allowing "course of investigation" testimony that places inadmissible hearsay before the jury. *See Ocampo v. Vail*, 649 F.3d 1098, 1100, 1110 (9th Cir. 2011) (reversing dismissal of petition for habeas relief

Page 3   DEFENDANT'S THIRD MOTION IN LIMINE

where trial court had violated Confrontation Clause by allowing detectives' testimony concerning declarant's out of court statements that inculpated defendant/petitioner "even when there [was] no verbatim account of the out-of-court statement") (quoting *Silva*, 380 F.3d at 1020).

Similarly, the First Circuit has found officer testimony regarding the course of investigation, ostensibly provided as "background," to be nothing more than irrelevant and prejudicial "bad acts" evidence. *See United States v. Lamberty*, 778 F.2d 59 (1st Cir. 1985). The court held: "We do not find that the evidence introduced to show the government's motive in setting the trap is in any way relevant to proving the elements of the counts charged. While the jurors may have been curious as to why the inspectors began their operation, enlightenment on this matter had no probative value" and was "total irrelevancy." *Id.* at 61.

For these reasons, the defense objects to the government's proposed testimony on the course of the investigation and asks that the Court exclude it.

Respectfully submitted on January 7, 2013

/s/ Stephen R. Sady
Stephen R. Sady
Chief Deputy Federal Public Defender

/s/ Steven T. Wax
Steven T. Wax
Federal Public Defender

/s/ Lisa Hay
Lisa Hay
Assistant Federal Public Defender