UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

**UNITED STATES OF AMERICA**,                            Criminal Case No. 3:10-CR-00475-KI-1

                 Plaintiff,

                                                         OPINION AND ORDER

                 v.

**MOHAMED OSMAN MOHAMUD**,

                 Defendant.


        S. Amanda Marshall
        United States Attorney
        District of Oregon
        Ethan D. Knight
        Pamala R. Holsinger
        Kent Robinson
        United States Attorney's Office
        1000 S.W. Third Avenue, Suite 600
        Portland, Oregon  97204

                 Attorneys for Plaintiff

Steven T. Wax
Federal Public Defender
Stephen R. Sady
Lisa Hay
Office of the Federal Public Defender
101 SW Main Street, Suite 1700
Portland, Oregon  97204

      Attorneys for Defendant

KING, Judge:

Title I and Title III of the Foreign Intelligence Surveillance Act of 1978 ("FISA"), 50 U.S.C. §§ 1801-1812, 1821-1829, allow electronic surveillance and physical search after obtaining a FISA warrant from the Foreign Intelligence Surveillance Court ("FISC").  The government provided a FISA notification to defendant at his first appearance, advising him it intended to use evidence obtained under Title I and Title III.  The jury convicted defendant in January 2013.

On November 19, 2013, the government filed a Supplemental FISA Notification:

> This supplemental notice is being filed as a result of the government's determination that information obtained or derived from Title I FISA collection may, in particular cases, also be "derived from" prior Title VII FISA collection.  Based upon that determination and a recent review of the proceedings in this case, the United States hereby provides notice to this Court and the defense, pursuant to 50 U.S.C. §§ 1806(c) and 1881e(a), that the government has offered into evidence or otherwise used or disclosed in proceedings, including at trial, in the above-captioned matter information derived from acquisition of foreign intelligence information conducted pursuant to the Foreign Intelligence Surveillance Act of 1978, as amended, 50 U.S.C. § 1881a.

Title VII of the FISA Amendments Act of 2008 ("FAA"), 50 U.S.C. §§ 1881a to 1881g, permits, with some limitations, targeting of electronic communications of non-United States persons located outside the United States.

Unlike traditional FISA surveillance, § 1881a does not require the Government to demonstrate probable cause that the target of the electronic surveillance is a foreign power or agent of a foreign power.  And, unlike traditional FISA, § 1881a does not require the Government to specify the nature and location of each of the particular facilities or places at which the electronic surveillance will occur.

. . . .

Section 1881a mandates that the Government obtain the Foreign Intelligence Surveillance Court's approval of "targeting" procedures, "minimization" procedures, and a governmental certification regarding proposed surveillance.

Clapper v. Amnesty Int'l USA, 133 S. Ct. 1138, 1144-45 (2013) (internal citations omitted).

Before the court is defendant's Motion for Full Discovery Regarding the Facts and Circumstances Underlying Surveillance [488].  Defendant claims he needs broad discovery to provide the court with the full factual context surrounding the legal issues, which will be decided in a future motion.  The anticipated legal issues include whether the FAA is constitutional, whether the government followed its provisions, and whether any evidence needs to be suppressed.

## DISCUSSION

Defendant claims two interrelated issues exist– violation of the notice statute and unlawful use of Title VII surveillance.  Under 50 U.S.C. § 1881e(a), information acquired under Title VII is deemed information acquired from an electronic surveillance and is subject to the notice requirement in § 1806(c).  Defendant argues the government violated the notice statute by failing to provide notice of Title VII surveillance in the original FISA notification.  If the defense eventually prevails on its expected arguments that the FAA is unconstitutional and the government did not follow its provisions, the Title VII collection would be unlawful.

To decide both issues, defendant insists the court needs full information culled from the additional discovery defendant seeks.  Defendant argues the court can base available remedies on the

Page 3 - OPINION AND ORDER

court's supervisory power or Rule 16(d)(2), not just FISA, and available remedies include dismissal of the indictment.

Defendant seeks information in four general categories with numerous subsections.  The four general categories are:

(1) the government's decision to provide the original and supplemental FISA notices;

(2) material documenting all Title VII surveillance of defendant, derivative use of it, and all programs and procedures under which it was gathered;

(3) material documenting all other surveillance, under the FISA warrants or other secret surveillance programs recently made known, which was not previously disclosed to the defense; and

(4) *Brady* material showing government over-reaching and unlawful action in other cases, including classified judicial opinions making such findings.

Defendant first addresses the recent disclosures about the extent of government surveillance.

Defendant bases his argument, in part, on events concerning Clapper, 133 S. Ct. 1138.  The Solicitor General argued to the Court that the government provided notice to defendants when evidence was derived from § 1881a surveillance.  Plaintiffs had not received such notice, so the Court ruled plaintiffs had no standing to challenge the constitutionality of the FAA.  Id. at 1143, 1148.  Newspapers began to speculate about an internal Justice Department debate on providing notice in these circumstances.  Defendant received his Supplemental Notification thereafter.

Defendant interprets the newspaper accounts as demonstrating a secret and deliberate policy that led to the routine practice of violating the statute's notice requirement.  He seeks full disclosure of the circumstances behind this violation so the court has information necessary to determine the

appropriate remedy for the violation.  Furthermore, defendant claims the circumstances might lead to evidence relevant at retrial concerning the government's over-reaching and unreliability.

Defendant points to a cascade of disclosures about government surveillance, generally instigated by former NSA contractor Edward Snowden.  Defendant argues the court cannot determine the proper remedy without understanding the extent of the government's surveillance against all targets when it was investigating defendant.  Noting recently declassified FISC opinions revealing some agency violations of court orders, defendant seeks access to all FISC decisions, classified or not, that found problems with the conduct of surveillance under procedures in effect from 2007 to 2010.

Defendant seeks all material on the government's seizure of internet and telephone metadata and all communications of defendant because:  (1) the patterns revealed in the records are potential *Brady* material in that they can corroborate facts favorable to the theory of defense; and (2) defendant needs to analyze if the government violated statutory targeting protocols, constitutional protections, or minimization and dissemination procedures.

Defendant also raises concerns over the ex parte procedures provided in FISA.

Defendant argues the cases concerning traditional Title I/III FISA collections, which approve the ex parte nature of the procedure, do not apply here because:  (1) courts have upheld the constitutionality of Title I/III, but not Title VII; and (2) Title VII collections involve programmatic surveillance, as opposed to Title I/III, which involve individual probable cause determinations.

Defendant seeks full disclosure to security-cleared counsel and full defense participation in adversary proceedings, contending the balance of interests has tilted sharply toward transparency and inclusion of both parties in all litigation.  After considering the anticipated complexity and volume of

information, defendant argues a defense perspective is needed to properly analyze it.  Defendant

notes the legislative history in which the Senate committee stated that "indications of possible

misrepresentation of fact" could lead to the court deciding disclosure to the defense is necessary for

the court to make an accurate determination of the legality of the surveillance.  S. Rep. 95-701, at 64

(1978); 50 U.S.C. § 1806(f).  Defendant argues the failure to disclose the Title VII surveillance and

the lack of candor in the national security establishment constitute possible misrepresentations of

fact, making defense participation desirable.  Defendant further argues if the prosecution failed to

disclose to the court the then-classified FISC opinions expressing concerns on the reliability of the

government representations in other cases, the failure alone would be a *Franks* violation for omitting

material information reasonably necessary for the court's evaluation of the government's

submissions.

In response, the government explains:

> The Department has always understood that notice pursuant to Sections 1806(c), 1825(d) and 1881e(a) must be provided when the government intends to use evidence directly collected pursuant to Title I, III, or VII.  Such evidence would be evidence that was "obtained from" such FISA collection.  Likewise, the Department has always recognized that notice pursuant to those provisions must be provided when the government intends to use evidence obtained through ordinary criminal process (such as a Rule 41 search warrant) that was itself based directly on information obtained pursuant to Title I, III, or VII.  Such evidence would be evidence that was "derived from" such FISA collection.

> Prior to recent months, however, the Department had not considered the particular question of whether and under what circumstances information obtained through electronic surveillance under Title I or physical search under Title III could also be considered to be derived from prior collection under Title VII.  After conducting a review of the issue, the Department has determined that information obtained or derived from Title I or Title III FISA collection may, in particular cases, also be derived from prior Title VII collection, such that notice concerning both Title I/III and Title VII collections should be given in appropriate cases with respect to the same information.

In November 2010, at the time the original notice was filed, the government knew that some of the evidence to be used in the case had been obtained or derived from Title I and Title III FISA collection.  It did not consider whether that same evidence was also "derived," as a matter of law, from prior FISA collection pursuant to Titles I, III, or VII.  Based on the Department's recent determination, the government reviewed the proceedings in this case and determined that some of the evidence obtained and derived from Title I and Title III collection was also derived from Title VII collection as a matter of law.  As a result, the government provided the Supplemental Notification to inform the defense and the Court that Title VII derived information had been used against defendant in this case.

Government's Resp. to Def.'s Mot. for Full Disc. re Surveillance at 7-8, ECF No. 491 (footnote deleted) (hereinafter "Govt's Resp.").

The government notes the FAA allows a defendant, under 50 U.S.C. § 1881e(a), to challenge the use of evidence derived from collection under Title VII using the same procedures as a challenge to evidence obtained or derived from a Title I or Title III collection.  These are the procedures specified in 50 U.S.C. § 1806, allowing a defendant to file a motion to suppress and the court to conduct an in camera and ex parte review if the Attorney General files an affidavit that disclosure or an adversary hearing would harm the national security of the country.  The court is allowed to disclose to the defense team materials relating to the surveillance only if the disclosure "is necessary to make an accurate determination of the legality of the surveillance." § 1806(f).  I followed § 1806 when ruling on defendant's previous FISA suppression motion.

The government argues:  "Since defendant has not yet submitted a substantive motion challenging the Title VII collection and the issue of the legality of the collection is not before the Court for decision, there is no basis for the Court to find that it is unable to make an accurate determination of legality." Govt's Resp. at 4.  The government thus argues there is no basis for the court to order discovery.  It contends § 1806(f) is the appropriate standard, even if the requested

Page 7 - OPINION AND ORDER

discovery would allow defendant to effectively formulate his arguments.  The government contends

discovery is not necessary for this court to formulate a remedy for the untimeliness of the

Supplemental Notification because FISA specifies the remedy for any illegality surrounding the

evidence derived from the Title VII collection–suppression.

The government insists there was no deliberate government misconduct because the

government had never considered whether information obtained under Title I/III could also be

considered to be derived from prior collection under Title VII.  After deciding this could be the case,

the government reviewed these proceedings, determined the situation arose in this case, and provided

the Supplemental Notification.  The government argues this is indicative of good faith, not bad faith,

but concedes it is solely responsible for the untimely notice.

My goal is to resolve the criminal prosecution against defendant, whether that means I

proceed to sentencing, I grant a new trial, or I dismiss the indictment.  I have carefully considered

defendant's arguments for broad discovery, and I understand and acknowledge defendant's

arguments explaining how broad discovery relates to this prosecution and the entrapment defense.

Defendant has argued numerous times during this prosecution, and does so again in this motion, that

I should discard the FISA ex parte procedures in favor of adversarial proceedings.  Defendant raises

strong policy reasons to support this request.  But I am not persuaded there is a need to go beyond the

procedures outlined in FISA's § 1806, or that I have the authority to do so.  Thus, I conclude that I

will not order disclosure to the defense team of any materials relating to the surveillance unless, after

reviewing the upcoming motion to suppress, I decide the disclosure "is necessary to make an

accurate determination of the legality of the surveillance."  § 1806(f).  For this reason, I deny

defendant's motion for full discovery.

Defendant also filed a motion to compel immediate production to the court of all material related to the Title VII collection.  The government explains it intends to provide these materials when it responds to the substantive motion to suppress; it argues the court cannot learn much from these materials until they are placed in proper context.  I also deny this motion.

## CONCLUSION

Defendant's Motion for Full Discovery Regarding the Facts and Circumstances Underlying Surveillance [488] and Motion to Compel Immediate Production to the Court of Classified Documents Related to Pending Posttrial Discovery Motion [493] are denied.

IT IS SO ORDERED.

Dated this _____19th_____ day of March, 2014.


                                              /s/ Garr M. King
                                         Garr M. King
                                         United States District Judge