IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 3:10-cr-000475-HZ |
| Plaintiff, | ORDER |
| v. | |
| MOHAMED OSMAN MOHAMUD, | |
| Defendant. | |

HERNÁNDEZ, District Judge:

      Defendant Mohamed Osman Mohamud moves the Court to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A)(i).[1] The Government opposes Defendant's motion. Because Defendant has not demonstrated extraordinary and compelling reasons for his release and release is not warranted under the § 3553(a) factors, the Court denies Defendant's Motion to Reduce Sentence.

---

[1] The Government concedes that Defendant has satisfied the exhaustion requirement of the statute. *See* 18 U.S.C. § 3582(c)(1)(A).

1 – OPINION & ORDER

A federal district court generally "may not modify a term of imprisonment once it has been imposed[.]" 18 U.S.C. § 3582(c); *see also Dillon v. United States*, 560 U.S. 817, 824–25 (2010). Under 18 U.S.C. § 3582(c)(1)(A), Congress provided an exception, commonly known as compassionate release, to reduce a defendant's sentence for "extraordinary and compelling reasons." Under the original statute, only the Director of the Bureau of Prisons ("BOP") could file a § 3582(c)(1)(A) motion for a sentence reduction on a defendant's behalf. *United States v. Aruda*, 993 F.3d 797, 799 (9th Cir. 2021). But with the passage of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5191 (2018), Congress amended § 3582(c)(1)(A) to also allow a defendant, after first requesting that the BOP move for a reduction on his or her behalf, to directly move the district court for a sentence reduction:

> [T]he court, . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) Extraordinary and compelling reasons warrant such a reduction; [. . . ]
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

The United States Sentencing Commission's policy statement identifies categories of extraordinary and compelling reasons, including the defendant's age, medical condition, and "family circumstances." U.S.S.G. § 1B1.13 app. n.1(A)-(C). The Sentencing Commission's policy statement, however, only applies to § 3582(c)(1)(A) motions filed by the BOP Director on behalf of a defendant. *Aruda*, 993 F.3d at 801. On a defendant's direct motion for compassionate release, the policy factors "may inform a district court's discretion . . ., but they are not binding."

*Id.* (citation omitted). As a result, the court may consider any extraordinary and compelling reason for release that a defendant might raise. *Id.*

Defendant has not demonstrated extraordinary or compelling reasons for his release. Defendant does not have an underlying health condition that puts him at increased risk of serious illness or death if he contracts COVID-19, he has been vaccinated against COVID-19, and he has already contracted COVID-19 and recovered. The current operations level at FCI Sandstone is "Level 3," which entails intense modifications to prison operations, but there are zero inmates and zero staff testing positive.[2] Further, the modified operations of the prison do not, on their own, constitute extraordinary circumstances. *See United States v. Suryan*, No. 2:19-cr-00082-RAJ, 2021 WL 3510423, at *3 (W.D. Wash. Aug. 10, 2021) (rejecting the defendant's argument that "his period of incarceration, served during the time of Bureau of Prisons' COVID-19 restrictions, has presented harsher punishment and made this past year more difficult due to lockdowns, restricted visitation and minimization of his opportunity to participate in Bureau of Prisons programming"); *United States v. Cruz-Cruz*, No. CR13-49RSL, 2021 WL 1968389, at *4 (W.D. Wash. May 17, 2021) (citing cases and observing "many courts have rejected arguments regarding general conditions that affect inmates indiscriminately throughout the prison"). Given that Defendant's risk is low and there are few active cases in his facility, the COVID-19 pandemic is not an extraordinary or compelling reason to reduce his sentence to time served.

In addition, Defendant's release is not warranted under the § 3553(a) factors. The nature of Defendant's underlying offense is significant. In 2014, he was sentenced to 30 years in prison and a lifetime of supervised release after he was found guilty by a jury on one count of

---

[2] Bureau of Prisons, COVID-19 Cases, https://www.bop.gov/coronavirus/ (last updated May 17, 2022). According to the BOP, 559 inmates at FCI Sandstone have recovered from COVID-19. *Id.*

Attempted Use of a Weapon of Mass Destruction. J. & Commitment, ECF 524. As the Court observed at sentencing, Defendant attempted to commit an act of terrorism that would have resulted in extraordinary tragedy. The Court took into consideration Defendant's lack of criminal history, his low risk of recidivism, the imperfect entrapment involved in the commitment of this crime, and other individual characteristics of Defendant. And the Court was aware that Defendant accepted responsibility for his actions and renounced terrorism after the offense. Taking this into consideration, the Court sentenced Defendant to 30 years, which was significantly less than the Advisory Guideline recommendation of a life sentence and 10 years less than the Government's requested sentence. Though his conduct in custody has been commendable, the sentence ordered by the Court was necessary to reflect the seriousness of the offense, promote respect for the law, deter criminal conduct, and to protect the public. As a result, the Court finds that compassionate release is not warranted.

## CONCLUSION

The Court DENIES Defendant's Motion to Reduce Sentence Pursuant to U.S.C. § 3582(c)(1)(A)(i) [581] without prejudice and with leave to seek reconsideration if circumstances change.

IT IS SO ORDERED.

DATED:       May 29, 2022       .

*Marco Hernandez*
MARCO A. HERNÁNDEZ
United States District Judge